196 So.2d 686 (1967)
Elmo ANDERSON, Plaintiff-Appellee,
v.
SOUTHERN CONSUMERS EDUCATION FOUNDATION, INC., Defendant-Appellant.
No. 1965.
Court of Appeal of Louisiana, Third Circuit.
March 21, 1967.
Plaisance & Franques, by A. J. Plaisance, Lafayette, for defendant-appellant.
Simon, Trice & Mouton, by Phil Trice, Lafayette, for plaintiff-appellee.
Before TATE, SAVOY and HOOD, JJ.
SAVOY, Judge.
On September 8, 1966, plaintiff-appellee filed the instant suit and annexed to his petition certain interrogatories which were to be answered by defendant.
Defendant was served with the petition and interrogatories on September 9, 1966, but did not file any pleadings in the case.
On September 30, 1966, plaintiff obtained a rule to show cause, returnable October 17, 1966, why defendant should not be compelled to answer said interrogatories and for other relief.
*687 On October 17, 1966, a hearing was had on the rule issued on September 30, 1966, and on the same date the district judge rendered a judgment directing defendant to answer the interrogatories within five days, and to pay counsel for plaintiff $100.00 as attorney's fees for services performed in connection with the preparation, filing and trial of said rule. This judgment was signed on October 18, 1966.
On November 2, 1966, defendant obtained an order for a devolutive appeal from the judgment rendered against it on October 18, 1966. Prior to the filing of the motion or order for a devolutive appeal, the defendant tendered to plaintiff the amount of the judgment together with all costs incurred therein. In this court, counsel for appellee filed a motion to dismiss the appeal for the reason that the judgment of October 18, 1966, was an interlocutory judgment and since no irreparable injury was suffered by defendant that an appeal did not lie, citing in support of his position LSA-C.C.P. Article 2083. Appellant contends that since a money judgment was rendered against it which was executory, it was a final judgment and was appealable. LSA-C.C.P. Article 2083 states that an appeal may be taken from a final judgment rendered in causes in which appeals are given by law whether rendered after hearing or by default, and from an interlocutory judgment which may cause irreparable injury. LSA-C.C.P. Article 1841 states that a judgment is the determination of the rights of the parties in an action and may award any relief to which the parties are entitled. It may be interlocutory or final. A judgment that does not determine the merits but only preliminary matters in the course of the action is an interlocutory judgment. A judgment that determines the merits in whole or in part is a final judgment.
We conclude that under the provision of Article 1841 the judgment rendered in the instant case is not a final one, for it does not determine the merits in whole or in part.
Since defendant admits that it paid the full amount of the judgment in the instant case including costs, it has not suffered any irreparable injury and therefore cannot appeal from the interlocutory judgment rendered herein. Defendant will have the opportunity to have the matter reviewed if and when this case comes up on appeal from the final judgment on the merits in the district court.
For the reasons assigned, the motion to dismiss the appeal is granted. Appellant to pay all costs of this proceeding.
Appeal dismissed.