225 So.2d 315 (1969)
J. Arthur ROY, Plaintiff-Appellee,
v.
Warren J. MOITY and the Jearco Corporation of Louisiana, Inc., Defendants-Appellants.
No. 2823.
Court of Appeal of Louisiana, Third Circuit.
June 25, 1969.
Rehearing Denied August 7, 1969.
*316 J. Minos Simon and Robert A. Leckey, Lafayette, for plaintiff-appellee.
Koury & Judice by Joseph A. Koury, Lafayette, for defendants-appellants.
En Banc.

On Motion to Dismiss the Appeal
TATE, Judge.
The defendants appeal from judgment assessing them with $250.00 attorney's fees in connection with their failure to make discovery as required by law. Upon the failure of the defendants-appellants to answer certain written interrogatories, LSA-CCP Art. 1491, plaintiff-appellee filed a rule to compel answer to them and to have awarded to him reasonable attorney's fees incurred to obtain said order, LSA-CCP Art. 1511. Prior to the hearing, the defendants-appellants answered the interrogatories.
At the hearing, the trial court awarded the plaintiff-appellee $250 attorney's fees under the provisions of Article 1511, finding that "The plaintiff was forced to rule the defendants into Court in order to get the defendants to answer the interrogatories propounded to them." The defendants-appellants appeal from this order.
The plaintiff-appellee moves to dismiss this appeal as from a nonappealable interlocutory judgment. LSA-CCP Art. 2083.
The motion has merit. Discovery orders, including those which assess attorney's fees for failure to make discovery as required by statute, are interlocutory orders which are held to be nonappealable interlocutory judgments which do not do irreparable injury. The Advertiser v. Tubbs, La.App.3d Cir., 199 So.2d 426; Anderson v. Southern Consumers Education Foundation, La.App.3d Cir., 196 So.2d 686.
As stated in The Advertiser v. Tubbs, cited above, at 199 So.2d 427: "To impede the progress of litigation by granting an appeal whenever statutory enforcement provisions of the discovery devices are invoked seems to us a policy most unwise, for the every purpose of discovery devices is to reduce the delays inherent in the enforcement and defense of legal rights. Appellant's remedy, an application to this court for supervisory writs, affords him speedy and ample protection against oppressive or unreasonable sanctions which may be imposed by the lower cort during pretrial production of evidence."
The motion is therefore granted, with the defendants-appellants to pay all costs.
Appeal dismissed.

On Application for Rehearing.
En Banc. Rehearing denied.
MILLER, J., votes for rehearing.