HOOD, Judge.
Plaintiff, John A. Sim’, instituted this suit against Beauregard Electric Cooperative, Inc., for damages allegedly sustained by him as the result of a breach of contract. A summary judgment was rendered by the trial court on September 11, 1969, dismissing the suit at plaintiff’s costs. Plaintiff has appealed.
Defendant, Beauregard Electric, filed an answer to the appeal praying primarily that the summary judgment of dismissal be affirmed, and alternatively that the suit be dismissed on other grounds and that judgment be rendered awarding defendant a sum of money as expenses and attorney’s fees. Plaintiff filed a motion to dismiss the answer to appeal.
The principal issues presented are whether plaintiff’s refusal to answer certain questions propounded to him in an oral deposition constitutes sufficient grounds for the rendering of a summary judgment dismissing the suit, and, if so, what procedures must be followed before such a judgment may be rendered.
On March 6, 1965, a written contract was entered into between Beauregard Electric and Sim, under the terms of which Sim was employed to serve as manager of the cooperative. Pursuant to that agreement, Sim worked as manager of that establishment from the date the contract was entered into until April 13, 1966. On the last mentioned date, the Board of Directors of Beauregard Electric adopted a resolution formally terminating the contract of employment and discharging Sim as manager. The reasons assigned by the corporation for that action were set out in the resolution.
Sim instituted this action for damages on October 28, 1966, alleging as grounds therefor that Beauregard Electric had breached the contract of employment which had been entered into between them. Although a number of pleadings have been filed in behalf of both parties, issue has not been joined, and the case has never been tried on its merits.
On January 30, 1968, while the suit was pending, Beauregard Electric gave formal written notice to plaintiff Sim that it intended to take his oral deposition on February 7, 1968. Sim, accompanied by his attorney, appeared at the time and place set out in that notice for the purpose of giving his deposition. He was duly sworn and a number of questions were propounded to him, most of which were answered. Sim refused to answer approximately 98 questions, however, assigning as his reasons for refusing to do so that his answers might tend to incriminate him.
The above-mentioned deposition was completed on that date with a substantial number of questions remaining unanswered. Two days later, on February 9, 1968, upon application of Beauregard Electric, a rule was issued directing plaintiff to show cause why he should not be required to answer the questions which he previously had refused to answer. A copy of that part of the deposition which includes the questions Sim had refused to answer was attached to the defendant’s application, marked “Exhibit A.” A hearing was held on that rule on February 26, 1968, and during the course of that hearing Sim stated that he then intended to answer all of the questions which had been propounded to him. His testimony to that effect was as follows:
“Q. Do you still refuse to answer all those questions on the grounds that an answer might tend to show you guilty of crime?
A. I do not. I intend to answer them. Every one of them.
*28 Q. When are you going to answer them, then?
A. On advice of counsel, I am going to answer them.”
Immediately after that statement was made, and while Sim was still on the witness stand in open court, counsel for defendant propounded to him a few of the questions which he previously had refused to answer, and Sim promptly answered those questions fully and voluntarily. After several questions had been propounded, and at the suggestion of counsel for plaintiff, the trial judge ordered that the taking of the deposition of Sim be interrupted, and that arrangements be made to take, or to resume the taking of, his oral deposition before a court reporter at a later date. A formal order was then signed by the trial judge on February 26, 1968, decreeing that:
“ * * * the deposition of the plaintiff, John A. Sim, is hereby ordered resumed at the earliest date on which the court reporter is available at her office at 126 W. Kirby Street, Lake Charles, Louisiana, at which deposition the said John A. Sim is hereby ordered to answer all of the questions contained in an extract from the deposition of February 7, 1968, attached to defendant’s petition in rule and marked ‘Exhibit A’ for identification, and also any other related questions propounded by defendant made necessary by said answers.”
Following the rendering of that order, no arrangements were made by either party to resume the taking of Sim’s oral deposition. Instead, three days later, on February 29, 1968, Beauregard Electric filed a motion for summary judgment dismissing the suit at plaintiff’s costs, based on allegations that plaintiff was guilty of criminal wrongdoings in matters material to this suit and that he comes into court in bad faith. Also, on petition of defendant, a rule was issued on the same date directing plaintiff to show cause why he should not be condemned to pay defendant the sum of $563.75 as expenses and attorney’s fees incurred by Beauregard Electric in obtaining the rule and order of February 26, 1968.
A hearing was held on the motion for summary judgment and on the rule on March 25, 1968, and following that hearing both matters were taken under advisement by the court. On October 18, 1968, judgment was rendered orally in open court rejecting defendant’s demands for an award of expenses and attorney’s fees. Several months later defendant’s motion for a summary judgment was granted, and a summary judgment was rendered and signed by the trial court on September 11, 1969, dismissing this suit at plaintiff’s costs. Written reasons for that judgment were assigned by the trial judge. The present appeal was taken from that summary judgment of dismissal.
We agree with the trial judge that most of the questions which Sim originally refused to answer are relevant to the issues presented in this suit, and that the information sought by those questions is material to Beauregard Electric’s defense. As already noted, Sim testified at the hearing held on February 26, 1968, that he then was willing to answer those questions. The record, the proceedings and the arguments of counsel indicate that he has been ready and willing to answer them since that time.
The trial judge has furnished excellent written reasons for judgment, containing an exhaustive and scholarly discussion of legal authorities which relate to the right of the trial court to dismiss a civil suit when the plaintiff refuses to answer relevant questions propounded by the defendant. As shown in those reasons, the trial court recognized that it could not require Sim to answer questions which might incriminate him if the latter chose to exercise his Fifth Amendment rights against compulsory self-incrimination. The judge observed, however, that the defendant also has some rights which must be considered, one of which is the right to cross-examine the plaintiff in this civil suit. He held that if plaintiff refuses to answer material *29 questions propounded to him by defendant, even though his refusal may be based on his Fifth Amendment rights, the court is justified in inferring from that refusal that his answers would be detrimental or damaging to his cause. The trial court then inferred from Sim’s refusal to answer certain questions that his answers would be unfavorable to the position which he takes in this case. Based largely on this inference, he concluded that Sim was guilty of unlawful conduct, that he had come into court with “unclean hands” and that defendant thus was entitled to a summary judgment dismissing the suit.
We agree with the trial judge that a summary judgment dismissing the suit may be rendered if plaintiff refuses to answer relevant and material questions propounded to him by defendant, even though plaintiff’s refusal to answer is based on his Fifth Amendment guaranty against self-incrimination. We feel, however, that plaintiff’s original refusal to answer material questions while his out-of-court oral deposition was being taken, without affording him an opportunity to provide the answers later after being ordered to do so, is not sufficient to justify the dismissal of the suit. Since plaintiff later expressed his willingness to answer those questions, both before and after being ordered to do so by the trial court, it cannot logically be said that he is refusing to answer them.
Defendant initially sought to take the oral deposition of Sim pursuant to the provisions of Articles 1436 and 1451 of the Louisiana Code of Civil Procedure. The discovery procedure authorized by those articles is one which is initiated by the parties themselves, without a prior court order, and the examination is conducted out of the presence of the judge. The Code of Civil Procedure provides that in the event the deponent refuses to answer a question propounded to him in such an out-of-court examination, the proponent, on reasonable notice to all persons affected thereby, may seek a court order compelling an answer. LSA-CCP art. 1511. If such an order is obtained and the deponent thereafter refuses to comply with that order, then the court may render such orders in regard to the refusal as are just, including an order “dismissing the action or proceeding or any part thereof.” LSA-CCP art. 1513.
Article 1511 of the Louisiana Code of Civil Procedure provides, in part, that:
“If a party or other deponent refuses to answer any questions propounded upon oral examination, the examination shall be completed on other matters or adjourned, as the proponent of the question may prefer. Thereafter, on reasonable notice to all persons affected thereby, he may apply to the court in which the action is pending or in which the judgment was originally rendered for an order compelling an answer. * * * ” (Emphasis added.)
The pertinent portions of Article 1513 provide:
“If any party or an officer or managing agent of a party refuses to obey an order made under Article 1511, * * * the court may make'such orders in regard to the refusal as are just, and among others the following: * * * (3) An order striking out pleadings or parts thereof, or staying further proceedings until the order^ is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party; * * * ” (Emphasis added.)
In view of these provisions of the Code of Civil Procedure, we think the defendant in the instant suit is not entitled to an order dismissing the suit unless it shows that an order has been obtained directing Sim to answer the questions propounded to him and that thereafter he refused to do so.
The record shows that plaintiff has never refused to answer the questions after he was ordered to do so. On the contrary, Sim has stated that he is willing to answer all of the questions which.were originally propounded to him, and thé record shows *30 that he has never been given an opportunity to answer them. Our conclusion is that since plaintiff has not refused to answer such questions after he was ordered to do so on February 26, 1968, the trial court erred in dismissing the suit.
In its answer to the appeal defendant contends primarily that the judgment appealed from should be affirmed. Alternatively, however, the defendant seeks relief on three other grounds.
It contends, first, that the trial court erred in denying a motion for summary judgment which was filed by the defendant on December 22, 1966. The record shows that a hearing was held on that motion, and judgment waS‘:rendered by the trial court denying it. A judgment denying a motion for summary judgment is an interlocutory decree, and under the circumstances presented here it is not appealable. LSA-CCP art. 968. It thus cannot be urged here on an answer to the appeal.
Defendant contends, as its second ground for relief, that the trial court erred in failing to sustain its dilatory exception of prematurity. And, thirdly, it argues that the trial court erred in failing to award judgment condemning plaintiff to pay the sum of $563.75 as expenses and attorney’s fees incurred by defendant in obtaining the rule and order of February 26, 1968. We find no merit to either of these last-mentioned arguments. The judgment rendered by the trial court in each instance was an interlocutory judgment and no decrees were signed by the trial court disposing of these issues. Neither matter, therefore, is appealable here. See LSA-CCP art. 1911; Roy v. Moity, 225 So.2d 315 (La.App. 3d Cir. 1969); Fogleman v. Crowley Building & Loan Association, 200 So.2d 790 (La.App. 3d Cir. 1967).
For the reasons herein set out, the judgment appealed from is reversed, and the case is remanded to the trial court for further proceedings consistent with the views herein expressed. The costs of this appeal are assessed to defendant-appellee.
Reversed and remanded.
SAVOY, J., dissents, being of the opinion that the trial court judgment is correct.