GULOTTA, Judge.
Plaintiff agreed in writing to furnish defendant eighty-five designated parking spaces, on a monthly basis, for use by defendant’s guests in a downtown parking garage operated by plaintiff. The contract signed on July 22, 1975 provided for a one year term commencing on September 1, 1975 and terminating on August 31, 1976. Apparently, by mutual consent, the contract was terminated on July 7, 1976.
Judgment was rendered in favor of plaintiff in the sum of $9,538.48, the amount plaintiff claims defendant owed in accumulated unpaid rentals from the commencement of the agreement to the July 7th termination date. The judgment, however, allows defendant a credit of $1,839.23. It is from that credit allowance that plaintiff appeals. We affirm.
It is plaintiff’s contention that the trial judge erred in 1) failing to grant its motion for summary judgment; 2) not awarding expenses and attorney fees because of defendant’s failure to admit (later proved) the genuineness of the contract and certain exhibits; and 3) awarding defendant the $1,839.23 credit.
Disposing of these contentions in the order in which they are presented, we first conclude that under LSA-C.C.P. art. 968 the judgment of the trial court denying plaintiff’s motion for summary judgment is not appealable, and, therefore, we will not consider this assignment of error. See Bourgeois v. Brown & Root, Inc., 303 So.2d 217 (La.App. 4th Cir., 1974); Sim v. Beauregard Electric Cooperative, 241 So.2d 26 (La. App. 3rd Cir., 1970), writ denied 257 La. 278, 242 So.2d 248 (1971); Bruno v. Hartford Accident & Indemnity Co., 337 So.2d 241 (La.App. 3rd Cir., 1976).
We reject further plaintiff’s claim of entitlement to expenses and attorney fees because of defendants’ failure to admit the genuineness of documents requested by plaintiff. As pointed out by plaintiff, LSA-C.C.P. art. 1472 provides for the assessment of expenses and attorney fees where a party fails to admit the genuineness of any document, where requested, when the genuineness is subsequently proved. However, this article further provides that the court will not make such an award where the request is objectionable, or the admission sought was of no substantial importance, or the party failing to ad *430 mit had reasonable grounds to believe he might prevail, or “there was any other good reason for the failure to admit.” In the opposition to the motion for summary judgment, defendant questions the authority of the signatory to the contract on behalf of Holiday Inns, Inc. and claims that plaintiff failed to provide eight-five designated parking spaces and needed security. Furthermore, testimony was offered by defendant generally supporting the assertions made in the opposition.
Considering the averments in the opposition and the attached supporting affidavit, as well as the testimony, we conclude defendant “had reasonable grounds to believe that he might prevail . . .’’or that “there was other good reasons for the failure to admit.” Under the circumstances, we conclude the trial judge properly did not award plaintiff expenses and attorney fees.
Finally, we cannot say the trial judge erred in awarding defendant a credit in the sum of $1,839.23. The amount claimed by plaintiff represents rental charges from September 1, 1975 through July 1, 1976. In connection with the payments made to plaintiff, Joseph M. Rault, Jr., the president of Dome Stadium Hotel, Inc., a franchise of defendant, testified that the $1,839.23 was paid to plaintiff between June 20th and July 7th, the termination date of the contract. His testimony was generally corroborated by Miles Clements, the desk manager. We recognize, as pointed out by plaintiff, that ledger sheets introduced into evidence do not necessarily support the total amount of the credit, and the manager of plaintiff’s garage indicated that no payments in cash were made in June or early July of 1976. Nevertheless, the trial judge accepted the testimony of the motel owner and the motel front desk manager and rejected the testimony of the parking garage manager. The credit award in favor of defendant is a determination made by the trial judge based on credibility. We cannot say those credibility findings are in error. The judgment is affirmed.
AFFIRMED.