ON MOTION TO DISMISS
BOUTALL, Judge.
Upon our own inquiry into our jurisdiction, we issued a rule to show cause why the appeal should not be dismissed because the judgment appealed seemed to be interlocutory in nature.
Plaintiff Les Levy Oil & Supply, Inc., filed a rule against defendants Paul A. Pac-iera, Jr., Southern Petroleum Transports, Inc., and Paciera Services, Inc. for failure of these parties to appear at a scheduled deposition hearing pursuant to witness subpoenas issued them. Plaintiff prayed for relief under the provisions of C.C.P. Articles 1471 and 1473, including a judgment by default against the disobedient defendants, the granting of reasonable attorneys’ fees and reasonable expenses incurred. After hearing the trial court rendered judgment only as follows: Condemning Paul A. Paciera, Jr. to pay petitioner reasonable expenses in the sum of $500 plus costs in bringing the rule. Paciera has appealed.
We dismiss the appeal for lack of jurisdiction. C.C.P. Article 1841 defines interlocutory and final judgments, and C.C.P. Article 2083 provides that an appeal may be taken from a final judgment or from an interlocutory judgment which may cause irreparable injury. The appellate courts of Louisiana have uniformly held that judgments compelling payment of attorneys’ fees and expenses for failure to comply with discovery procedures are interlocutory in nature and are unappealable. Winslow v. Goodyear Tire & Rubber Company, 359 So.2d 699 (La.App. 1st Cir. 1978); Roy v. Moity, 225 So.2d 315 (La.App. 3rd Cir. 1969); Advertiser, Division of Independent, Inc. v. Tubbs, 199 So.2d 426 (La.App. 3rd Cir. 1967); Anderson v. Southern Consumers Education Foundation, Inc., 196 So.2d 686 (La.App. 3rd Cir. 1967). The case of Berard v. American Employers Insurance Company, 246 So.2d 686 (La.App. 1st Cir. 1970) recognizes the application of that rule to parties, and holds only that a judgment imposing penalties against counsel himself was a final judgment.
In conformity with the jurisprudence of our fellow appellate courts, we conclude that the judgment rendered is an interlocutory judgment, and there has been no showing of irreparable injury. Appellant may obtain appellate review upon an appeal from the merits of the case. Accordingly, we dismiss the appeal at appellants’ cost.

APPEAL DISMISSED.