449 So.2d 499 (1984)
William A. KEATY, D.D.S., Plaintiff-Appellee,
v.
FURLOW, INC., BWT-Furlow/Philbeck, Inc., Furlow Philbeck & Associates, Inc., Furlow and Associates Engineering Co., L.C.E., Inc., Dale Furlow and Ronald Allen, Defendants-Appellants.
No. 84-62.
Court of Appeal of Louisiana, Third Circuit.
February 14, 1984.
Rehearing Denied March 8, 1984.
Hayes & Durio, Steven G. Durio, Mark C. Andrus and Jennifer M. Trosclair, Lafayette, for defendants-appellants.
Robert B. Keaty, Lafayette, for plaintiff-appellee.
Before FORET, LABORDE and KNOLL, JJ.
KNOLL, Judge.

MOTION TO DISMISS
The plaintiff-appellee, William A. Keaty, moves to dismiss the appeal of the defendants-appellants, Furlow, Inc., BWT-Furlow/Philbeck, Inc., Furlow Philbeck & Associates Inc., Furlow and Associates Engineering Co., L.C.E., Inc., Dale Furlow and Ronald Allen, on the grounds that the judgment appealed from is an non-appealable interlocutory judgment.
The trial court rendered judgment against the defendants assessing them with $250.00 attorney fees for their failure to comply with discovery as required by law. The defendants have appealed.
The motion to dismiss has merit. An appeal may be taken from a final judgment or an interlocutory judgment which may *500 cause irreparable injury. LSA-C.C.P. Art. 2083. A final judgment is one that determines the merits in whole or in part. A judgment that only determines preliminary matters in the course of an action is an interlocutory judgment. LSA-C.C.P. 1841.
This court has previously concluded that discovery orders, including those which assess attorney's fees for failure to make discovery as required by statute, are interlocutory orders which are held to be nonappealable interlocutory judgments which do not do irreparable injury. Roy v. Moity, 225 So.2d 315 (La.App. 3rd Cir.1969).
In conformity with the jurisprudence, we conclude that the judgment rendered is an interlocutory judgment and that there has been no showing of irreparable injury. The defendants-appellants may obtain appellate review upon an appeal from the merits of the case. Accordingly, we dismiss the appeal at defendants-appellants' cost.
APPEAL DISMISSED.