446 So.2d 790 (1984)
Shirley Mae Biggs, Wife of Dennis Michael FARRELL
v.
Dennis Michael FARRELL.
No. CA-1039.
Court of Appeal of Louisiana, Fourth Circuit.
February 17, 1984.
*791 Harriet R. Campbell Young, New Orleans, for plaintiff-appellee.
Frederick W. Bradley, Liskow & Lewis, New Orleans, for appellant.
Before REDMANN, BARRY and WILLIAMS, JJ.
BARRY, Judge.
A garnishee corporation was found liable for not withholding funds from defendant-husband's wages after defendant began working for a corporate subsidiary of the garnishee.
On August 27, 1980 and August 13, 1981 plaintiff Shirley Mae Biggs obtained judgments totaling $16,510 against her former husband, defendant Dennis Farrell, for child support arrearages. Hamilton Bros. Oil Co. (Hamilton) was made garnishee on December 14, 1981 and answered that Farrell was employed and paid at the corporate office in Denver, Colorado. The responses were prepared by Hamilton corporate counsel in Denver and notarized there. On March 29, 1982 judgment was rendered ordering Hamilton to withhold 25% of Farrell's disposable earnings "as long as defendant is employed by garnishe...." On June 23, 1982 Hamilton forwarded a check for $1,511.61 to the Clerk with a notation that the check was based on Farrell's "gross pay earned from date of garnishment service to date [Farrell] left employ of company." The money was for December, 1981.
On April 8, 1983 plaintiff filed a Rule for Contempt against Hamilton, suggesting that Farrell may have been transferred to "another division of Hamilton Brothers Oil Company" and complaining that Hamilton's counsel would not divulge the "present whereabouts and employment" of Farrell. Plaintiff asked that "in the event it is disclosed that Dennis Michael Farrell has been transferred to another division of Hamilton Brothers Oil Company," Hamilton be ordered to remit 25% of the disposable earnings from January 1, 1982 until the judgment was satisfied.
Hamilton answered the contempt rule contending its obligation as garnishee ended when Farrell left its employment on December 31, 1981. Attached was an affidavit by its corporate counsel, Mr. Coates, which stated in part:
Mr. Farrell was employed by Hamilton Brothers from June 1, 1981 to January 1, 1982.
* * * * * *
During 1980, Hamilton International Oil Company ("HIOC"), a wholly owned subsidiary of Hamilton Brothers, was made operational for the purpose of conducting oil and gas exploration....
Mr. Farrell was hired by HIOC to negotiate oil and gas exploration contracts....
As a result of such hiring, Mr. Farrell left the employment of Hamilton Brothers on December 31, 1982.[1]
* * * * * *

*792 The transfer of Mr. Farrell from Hamilton to HIOC was unrelated in any way to the garnishment papers....
At the time Mr. Farrell changed employment from Hamilton Brothers to HIOC, it was determined by me that the garnishment judgment and obligations resulting therefrom would not apply to HIOC since it was a separate and distinct corporate entity formed under the laws of Colorado and having completely different business activities than Hamilton Brothers.
Coates' affidavit is the only evidence concerning Farrell's employment status and the relationship between Hamilton and HIOC.
The trial judge defined the issue: "The primary question is whether the transfer of an employee to a wholly owned subsidiary of the garnishee while a garnishment judgment is in effect is a `termination' within the meaning of LSA-R.S. 13:3923 such as to end the garnishee's obligation." The court noted that neither the statute nor the jurisprudence addresses the question of what constitutes "termination of employment." Citing Black's Law Dictionary to the effect that termination of employment would be a "complete severance of relationship with employee and employer," the trial judge opined that "termination would not seem to be an accurate description of the situation" because "... the employer, Hamilton Brothers Oil Co. retained control over the employee by transferring him to their subsidiary corporation." The trial judge cited no evidence of such continued control, but concluded the subsidiary "is an instrumentality of the parent operating in furtherance of the parent corporation and as part of the system."
The court disregarded Mr. Coates' affidavit and concluded:
[T]here was no termination of employment, just a mere transfer, and ... the transfer was made to one corporation as an instrumentality or agent of the parent corporation. The Court looks behind the separate entity theory and considers the wholly owned subsidiary corporation and its parent corporation to be part of one system.
In Johnson v. Fulwood, 398 So.2d 1151, 1153-54 (La.App. 4th Cir.1981), this Court made it clear that the "employer, logically, is in the best position to know at what point the judgment debtor is no longer employed by him." The uncontroverted affidavit of Hamilton's counsel states that "... Mr. Farrell left the employment of Hamilton Brothers on December 31, 1981."[2] The garnishee's duty to withhold funds from the debtor's paycheck ceases automatically when the debtor is no longer on the payroll. As we noted in Johnson v. Fulwood, supra, at 1153-54:
[T]he wage garnishment is terminated contemporaneously with the termination of employment by the judgment debtor.... We do not understand R.S. 13:3923 to place an affirmative duty on the employer to seek immediate modification of the judgment of garnishment once the debtor leaves his employ. The last sentence of 13:3923 permits the garnishee against whom a default is entered in a modification proceeding to have the case reopened. This right would not be granted if the garnishee employer had an affirmative duty to bring the motion to terminate the judgment.
The trial court ignored the separate corporate structures of Hamilton and HIOC. As this Court noted in Hight Enterprises v. Smith & Johnson, 421 So.2d 267 (La. App. 4th Cir.1982) writ denied 427 So.2d 1206 (La.1983): "[T]he general rule is that a corporation is a distinct entity, separate from its shareholders." Louisiana Civil Code Arts. 435, 437 and LSA-R.S. 12:93(B).
In Menard v. Associated Royal Crown Bottling Company, 249 So.2d 363, 364 (La. App. 4th Cir.1971), this Court applied the pertinent rules in the following manner:
An allegation that one corporation is a subsidiary of another, or that the parent corporation owns stock in a subsidiary is *793 not sufficient to "pierce the corporate veil" of the parent corporation ... in the absence of a showing that the two corporations are not separate entities or that there is fraud or illegal action.
The trial judge acknowledged these rules but held otherwise, despite any concrete showing that HIOC is "merely an instrumentality or adjunct" of Hamilton. The only evidence concerning the corporate relationships is Mr. Coates' affidavit that the corporations are separate entities: Hamilton operates in the United States and Canada, and HIOC outside North America. Such corporate arrangements do not provide a basis for inferring that the subsidiary is "a mere agency or instrumentality" of the parent.
The trial judge cited Adams v. Associates Corp. of North America, 390 So.2d 539 (La.App. 3d Cir.1980) cert. denied, 396 So.2d 884 (La.1981) and State ex rel Porterie v. Gulf Mobile & N.R. Co., 191 La. 163, 184 So. 711 (1938) but expressed uncertainty as to their applicability here because of the lack of evidence on the "inner structures of the corporations." We note that the debts in Adams and Porterie were incurred by subsidiaries of the parent corporations. In this case neither Hamilton nor HIOC had an obligation to the judgment creditor, as that term is used in routine alter ego situations, i.e., the type of situation contemplated in Porterie. Neither parent nor subsidiary here had any direct liability to the judgment creditor. These facts are unlike the typical case where the subsidiary-debtor is bankrupt and recourse must be attempted against the "deep pocket" parent. This debt was owed by an employee of the parent corporation to plaintiff.
The sole basis for Hamilton's involvement was its employer-employee relationship with Farrell. After Farrell went to work for HIOC, Hamilton no longer paid earnings subject to garnishment. We find no basis for Hamilton to garnishee paychecks issued by HIOC; to do so could have subjected both corporations to damages.
A garnishee has been characterized as the legal custodian of garnished funds actually withheld. Sun Sales Co. v. Hodges, 256 La. 687, 237 So.2d 684 (1970). Plaintiff failed to prove Farrell's employment was not terminated by Hamilton as of December 31, 1981. In the absence of any evidence whatsoever that Hamilton operated HIOC as an instrumentality or that Farrell's employment was changed to avoid the garnishment, this Court cannot impose liability on Hamilton.
The judgment of the trial court is REVERSED. Costs to be paid by appellant.
REVERSED.
NOTES
[1] As Hamilton points out in its brief, the year "1982" is an obvious typographical error. The year should read, "1981" as is obvious from paragraph five of the affidavit, as well as Coates' letter of June 23, 1982 to the Clerk of Court.
[2] See footnote 1.