KING, Judge.
MOTION TO DISMISS
The plaintiff-appellee, Mathew Dubois, moves to dismiss the appeal of the defendants-appellants, Diamond M. Company (Diamond), and Insurance Company of North America, (INA), on the grounds that the judgment being appealed from is not a final appealable judgment.
This is a worker’s compensation suit in which the plaintiff obtained a preliminary judgment against the defendant-appellant, because of the defendant’s neglect to answer the plaintiff’s petition within ten days. The defendants applied for writs to this court seeking to reverse the trial court’s granting of the preliminary judgment. That writ was denied. See Mathew Dubois v. Diamond M. Co., and I.N.A., No. 86-1023. Previous to that, the defendants appealed a judgment of the trial court, denying a rule filed by defendants to traverse the plaintiff's right to proceed in forma pauperis. That appeal was dismissed because it was clear that the judgment complained of was an interlocutory order, and the defendants alleged no irreparable injury. See Mathew Dubois v. Diamond M Company and Insurance Company of North America, 494 So.2d 571 (La.App. 3 Cir.1986).
Now the defendants-appellants are appealing the trial court’s granting of the plaintiff’s Motion for Protective Order. This set of circumstances was brought about when the defendants noticed Dr. Gaddum J. M. Reddy for deposition, and this notice was received by plaintiff’s attorney, Mr. Halcomb, on July 29, 1986, six days before the deposition. The defendant did not contact Mr. Halcomb beforehand, nor would he agree to refix the deposition to another time, since Mr. Halcomb had previously scheduled matters, and could not attend the deposition. Consequently, the plaintiff filed and obtained a protective order cancelling the deposition, and after a hearing on the matter was awarded three hundred fifty and no/100 ($350.00) dollars in attorney’s fees.
The defendants then perfected the instant appeal from the judgment signed on September 26, 1986, granting plaintiff’s motion for protection order, and ordering the defendants to pay the plaintiff three hundred fifty and no/100 ($350.00) dollars in attorney fees. The plaintiff-appellee subsequently filed the instant motion to dismiss.
LSA-C.C.P. Art. 2083 provides:
“An appeal may be taken from a final judgment rendered in cases in which appeals are given by law whether rendered after hearing or by default, from an interlocutory judgment which may cause irreparable injury and from a judgment
There is a plethora of jurisprudence that recognizes judgments concerning discovery as interlocutory orders. Keaty v. Furlow, Inc., 449 So.2d 499 (La.App. 3 Cir.1984), Roy v. Moity, 225 So.2d 315 (La. App. 3 Cir.1969), Les Levy Oil v. Southern Petroleum Transports, 377 So.2d 907 (La.App. 4 Cir.1979) and numerous cases cited therein.
Besides jurisprudence, one can consult the Code of Civil Procedure, Article 1841 to easily determine that a judgment quashing a deposition is a “preliminary matter” that “does not determine the merits” of the case.
Since there is no question that the appellants have appealed an interlocutory order, the issue now becomes whether they will suffer irreparable injury. There is nothing in the record to indicate that Dr. Reddy will not be available for a deposition in the future, consequently appellants will suffer no irreparable harm.
The mover-appellee has asked for attorney fees pursuant to Rule 2-19 of the Uniform Rules of the Courts of Appeal. That article provides:
“The court may award damages for frivolous appeal in civil cases as provided by law.”
*921 The relief requested by the mover must be denied as prior cases and LSA-C.C.P. Art. 2133 dictate that damages may be awarded against the appellants only by way of answering the appellants’ appeal, not by a motion to dismiss. See Prosperity Park v. Barton, 404 So.2d 1307 (La. App. 2 Cir. 1981), LSA-C.C.P. Art. 2133.
As LSA-R.S. 2083 only allows appeals from interlocutory orders that cause irreparable injury, and none has been alleged by appellant, nor can irreparable injury befall the appellant, appellants’ appeal is dismissed at its cost. Damages for a frivolous appeal are denied as they are only awardable by way of answer to the appeal, not by a motion to dismiss.
APPEAL DISMISSED.