KNOLL, Judge.
The plaintiffs-appellees, Francis Pitre, Brenda Pitre, and New Hampshire Insurance Co. (New Hampshire), move to dismiss the suspensive appeal of the defendant-appellant, Kero-Sun, Inc.
This is a products liability case which involves an exploding kerosene heater. The plaintiffs are the victims of a fire that occurred on January 16, 1986 at their home. The home was damaged and the plaintiffs’, Mr. and Mrs. Pitres’ daughter, died as a result of the fire.
The plaintiffs filed suit against Kero as the manufacturer of the heater that malfunctioned. The litigation is in its discovery phase, and both sides propounded interrogatories to each other. Evidently both sides were not satisfied with the responses to the discovery requests, so opposing motions to compel were filed.
The trial court found that the appellant improperly responded to the plaintiffs’ interrogatories. The answers to the interrogatories, which are in the record, were evasive and did not provide the plaintiff with the information requested. The trial court imposed the sanction of prohibiting the appellant from introducing into evidence that which was not fully disclosed in its answers to the plaintiffs’ interrogatories, but which would normally fall into such answers. The trial court also ruled that Kero-Sun was the manufacturer of the furnace, relying on LSA-C.C.P. art. 1471(1). The trial court felt these sanctions were “more just and effective than awarding a few dollars”. The appellant’s motion to compel was denied, and Reasons for Judgment reflecting the trial court’s findings were filed on April 9, 1987, as reflected in the trial court’s minute entry.
The appellants had evidently not fully complied with the plaintiffs’ discovery requests by July 9, 1987, because a Motion for Reconsideration of Discovery Order and Sanctions was filed by the plaintiffs on that day. The trial court issued Reasons for Judgment on August 17,1987, with respect to the newly filed Motion for Reconsideration, and reaffirmed its previous findings. It is evident, from the record, that the remaining bone of contention in this discovery dispute was how the plaintiffs were to gain access to records that are at the appellant’s corporate headquarters in Milford, Connecticut. These documents, according to the appellants answers to interrogatories, contain many of the answers to the plaintiffs’ interrogatories. The trial court ordered the appellant to furnish the trial court, within sixty (60) days of August 17, 1987, with an estimate of how much volume is involved in the transportation of the documents, and the cost to transport the documents to Louisiana.
A judgment reflecting the Reasons for Judgment filed on April 9, 1987 and August 17, 1987, was signed on October 6, 1987.
The appellant filed a motion and order for suspensive appeal on October 15, 1987, seeking review of the judgment that was signed on October 6, 1987. At the same time, the appellant filed a Motion to Fix Time for Filing an Application for Writ of Review. The Supervisory Writ Application, seeking review of the October 6, 1987 judgment, was filed on November 16,1987, but returned within a few days of receipt by this Court, for not complying with Rule 4-5 of the Uniform Rules of the Courts of Appeal. As the appellant has not refiled the writ application within the time period fixed by the trial court for filing the application, December 15, 1987, and has not requested any extension of time within which to file the application, nor contacted this Court in any fashion with respect thereto, the writ application will be deemed abandoned.
On December 9, 1987 and January 14, 1988, the plaintiffs filed the instant motion to dismiss. The Court need only refer to the January 14th motion, which was served on opposing counsel, who has not; replied to the motion.
*1194 The plaintiffs call our attention to the long established general principal that judgments and orders dealing with discovery are interlocutory matters that are not appealable absent some showing of irreparable injury. LSA-C.C.P. art. 2083. Dubois v. Diamond M Co., 500 So.2d 919 (La.App. 3 Cir.1987), Keaty v. Furlow, Inc., 449 So.2d 499 (La.App. 3 Cir.1984), Roy v. Moity, 225 So.2d 315 (La.App. 3 Cir.1969). The judgment in this case does not cause irreparable injury. Keaty supra.
For the foregoing reasons the plaintiffs’ Motion to Dismiss is granted and defendant’s-appellant’s appeal is dismissed at its costs.
APPEAL DISMISSED.