MOTION TO DISMISS
FORET, Judge.
Defendant-appellee, National Tea Company, moves to dismiss the appeal of plaintiff-appellant, Elsie Prejean, on the grounds that the judgment appealed from is a non-appealable interlocutory judgment.
The trial court rendered judgment against the plaintiff compelling her to answer the interrogatories propounded to her by defendant within fifteen (15) days and assessing her with attorney’s fees in the sum of $150 for the cost to defendant in bringing the Motion to Compel.
As this court stated in Lyman v. Town of Sunset, 453 So.2d 672 (La.App. 3 Cir.1984):
“An appeal may be taken from a final judgment or interlocutory judgment which may cause irreparable injury. LSA-C.C.P. Article 2083. A final judgment is one that determines the merits in whole or in part. A judgment that only determines preliminary matters in the course of an action is an interlocutory judgment.” LSA-C.C.P. Article 1841.
“Discovery orders such as those that assess attorney’s fees for failure to comply with discovery as required by statute, are considered to be interlocutory orders that are non-appealable and do not cause irreparable harm.” Roy v. Moity, 225 So.2d 315 (La.App. 3rd Cir.1969); Keaty v. Furlow, Inc., 449 So.2d 499 (La.App. 3rd Cir.1984).
We, therefore, conclude that the judgment rendered is an interlocutory judgment and that there has been no showing of irreparable injury. The plaintiff-appellant may obtain appellate review upon an appeal from the merits of the case. Accordingly, we dismiss the appeal at plaintiff-appellant’s cost.
APPEAL DISMISSED.