532 So.2d 559 (1988)
In the Matter of the Liquidation of HORNSBY AND LANDRY.
No. 88-820.
Court of Appeal of Louisiana, Third Circuit.
October 14, 1988.
John R. Shea, Landry & Shea, Jennifer S. Nehrbass, Lafayette, for appellant.
David E. Marcantel, Marcantel, Marcantel & Wall, Jennings, for appellee.
Before YELVERTON, FORET and LABORDE, JJ.

MOTION TO DISMISS
YELVERTON, Judge.
Appellee, JoAnn Carter Hornsby, individually and as executrix of the Succession of Lucius A. Hornsby, Jr., moves to dismiss the appeal of appellant, Ashton J. Landry, on the grounds that the appellant is attempting to appeal a non-appealable interlocutory order. We agree and dismiss the appeal.
The instant suit is to liquidate a law partnership. During the course of the suit, the appellee has sought to obtain certain files that are held by the appellant. The order being contested by appellant in his appeal is the result of one of appellee's Motions to Compel Discovery. After a hearing on this matter, the minute entry of the court reflects that the trial court ordered appellant to produce the requested information within fifteen (15) days or serve thirty (30) days in the parish jail. In addition, appellant was ordered to pay Five Hundred ($500.00) Dollars in penalties plus all costs due to his failure to obey the previous court orders. A written judgment in accordance with the above order was signed by the trial court on March 25, 1988. Also, following the above order, appellee has attempted to collect the above fees by seizing appellant's undivided one-half interest in a certain vacant rent house which is owned jointly by the parties.
Appellee filed a motion to dismiss appellant's appeal arguing that the judgment from which this instant appeal is sought is an interlocutory judgment from which no appeal lies. Appellee cites Prejean v. The Real Superstore, 525 So.2d 75 (La.App. 3rd Cir.1988), as support for this proposition. In Prejean this court held that the trial court's judgment on a motion to compel which required answers to interrogatories and which assessed attorney's fees was an interlocutory judgment from which there was no appeal without a showing of irreparable injury.
Turning to the instant suit and insofar as is pertinent to the instant case, La.Code Civ.Proc. art. 2083 provides that appeals may be taken from a final judgment or an interlocutory judgment which may cause irreparable injury. La.Code Civ.Proc. art. 1841 provides that final judgments are those which determine the merits of a suit in whole or in part. The judgment from which the instant appeal is being taken does not determine the merits but only *560 preliminary matters and is, therefore, an interlocutory judgment. C.C.P. 1841.
Appellant argues that the Prejean case cited above does not apply in the instant circumstances. Appellant asserts that unlike the Prejean case, appellee has attached property belonging to the appellant in order to seek satisfaction of the trial court's judgment. Appellant's argument is without merit.
The instant appeal is not from the seizure of the appellant's property, but is, instead, from the trial court's ruling on a motion to compel. To be sure, the denial to appellant of any possible review of the trial court's judgment could lead to irreparable injury, especially considering the trial court's alternative punishment of placing the appellant in jail for thirty days. However, an avenue is provided in order for appellant to obtain a review of the trial court's interlocutory judgment, that being an application for supervisory relief. La. Const.1974, Art. 5, Sec. 10; La.Code Civ. Proc. art. 2201; and see Stevens v. Patterson Menhaden Corp., 191 So.2d 692 (La. App. 1st Cir.1966). In point of fact, such a remedy generally provides a much faster solution than an appeal thereby potentially lessening any injury being suffered by any one of the interested parties.
Appellant in the instant case is quite well aware of this procedure in seeking review of a trial court's ruling on a motion to compel. Appellant is seeking an appeal from a judgment which the trial court rendered due to the appellant's failure to obey an earlier order of the trial court compelling discovery. At the time of the earlier ruling, appellant applied to this court for supervisory writs which were denied. In the Matter of the Liquidation of Hornsby & Landry, case number 87-1225 (La.App. 3rd Cir. December 2, 1987). The Supreme Court also denied writs in the earlier ruling. In the Matter of the Liquidation of Hornsby & Landry, 516 So.2d 373 (La. 1988). Thus, in essence, appellant is seeking to obtain another review of the initial discovery order that was issued by the trial court. However, without stating any opinion as to the potential merits of a writ application from the ruling being challenged by appellant's appeal, this court dismisses the appeal at appellant's cost since no appeal lies from the trial court's ruling involved herein.
MOTION GRANTED. APPEAL DISMISSED.