YELVERTON, Judge.
MOTION TO DISMISS
Appellee, JoAnn Carter Hornsby, individually and as executrix of the succession of Lucius A. Hornsby, Jr., moves to dismiss the appeal of appellant, Ashton J. Landry, insofar as it pertains to the judgment on the rule for discovery sanctions on the ground that the judgment is a non-appeal-able interlocutory judgment.
The instant suit involves the liquidation of the Hornsby and Landry law partnership. During the course of these proceedings, appellee has attempted to obtain certain firm files from appellant. Due to appellant’s persistent refusal to obey numerous orders of the trial court which have not been disturbed on review, appellee filed a rule for sanctions. A hearing on the rule was held on April 10, 1989. In a minute entry dated April 21, 1989, the trial court ordered appellant to pay $15,963.45 for his failure to comply with discovery. A judgment in accordance with the ruling was signed on July 13, 1989. Appellant sought review of this very ruling by writ application which was denied by this court on October 9, 1989.
On September 18, 1989, appellant filed a motion for appeal seeking review of the judgment on the rule for discovery sanctions, as well as other judgments. Earlier in this litigation, appellant sought review by appeal to this court of a judgment ordering appellant to produce certain information and assessing a $500 penalty against appellant for his failure to obey previous court orders. Matter of Hornsby & Landry, 532 So.2d 559 (La.App. 3rd Cir.1988). Appellee was successful in obtaining dismissal of appellant’s previous appeal on the grounds that the judgment imposing sanctions for failing to comply with discovery is an interlocutory judgment from which no appeal lies. Matter of Hornsby v. Landry, supra. As in the earlier appeal, appellant has obtained review of this recent ruling by supervisory writs. Therefore, this is not an interlocutory judgment which will cause irreparable injury.
In addition to seeking dismissal of appellant’s appeal, appellee has requested damages and attorney’s fees for frivolous appeal. This request must be denied as damages for frivolous appeal cannot be claimed on a motion to dismiss, but only by an answer to the appeal. Prosperity Park, Inc. v. Barton, 404 So.2d 1307 (La.App. 2nd Cir.1981).
Accordingly, it is ordered appellant’s appeal be dismissed insofar as it pertains to the judgment on the rule for discovery sanctions as such a judgment is a non-ap-pealable interlocutory judgment. It is further ordered appellee’s request for damages and attorney’s fees for frivolous appeal be denied as such is only awardable by way of answer to the appeal.
*863 MOTION GRANTED IN PART - AND DENIED IN PART.