602 So.2d 182 (1992)
Michael BENOIT, Plaintiff-Appellee,
v.
FLEET FINANCE INC., et al., Defendants-Appellants.
No. 91-254.
Court of Appeal of Louisiana, Third Circuit.
June 24, 1992.
*183 Theall & Fontana, Gary Theall, Anthony Fontana, Jr., Abbeville, for defendant-appellant Fleet Finance.
Patricia Thomas and Roger Boynton, Paul Moresi, Jr., Abbeville, for plaintiff-appellee.
Before STOKER, CULPEPPER[*], and SALOOM[*], Judges.
STOKER, Judge.
Petitioner, Michael Benoit, brought this suit for wrongful seizure of retirement funds in the hands of his employer, Pintail Enterprises, Inc. The trial court rendered judgment in favor of the plaintiff against all of the defendants: the employer, the two seizing creditors and the law firm which represented the creditors; and the judgment cast them jointly and solidarily liable for the sum of $3,068.71 together with legal interest. In addition, the trial awarded $1000 in attorney's fees and "a prorated share, equal to forty-five percent (45%), of the penalty and interest due on taxes not paid to the Internal Revenue Service on the funds received from the retirement fund which amount is ... ($739.35) Dollars."
The defendants appealed.
The trial judge assigned written reasons for judgment which we set forth in full below with the note that the award of $6,764.16 mentioned in the reasons as the award to Michael Benoit was corrected in the formal judgment to provide that the judgment should be $3,068.71.

TRIAL COURT'S REASONS FOR JUDGMENT

"RULING
"On March 1, 1990, the Court heard on the merits this suit by Michael Benoit against Fleet Finance, Inc.; Fendley Finance, Inc.; Pintail Enterprises, Inc.; and Theall and Fontana, A Law Corporation, for damages sustained as the result of wrongful seizure. At the conclusion of the trial, the matter was taken under advisement pending settlement negotiations between the parties.
"In the latter part of 1985, two garnishment judgments were issued directing Pintail Enterprises, Inc., (hereinafter `Pintail'), Mr. Benoit's then employer, to garnish a portion of its employee's wages in order to satisfy two judgments rendered in favor of Fleet Finance, Inc. and Fendley Finance, Inc. Pintail complied and garnished the applicable portion of Mr. Benoit's wages until the early part of September 1987, when Mr. Benoit resigned from his job.
"Subsequent thereto, Mr. Benoit requested that the funds from his pension or retirement plan be withdrawn. All monies contained therein had been contributed by Pintail during the plaintiff's employment. Pursuant to Mr. Benoit's request, the funds were withdrawn and a check was issued to Pintail in the amount of $6,764.16.
"Upon receipt of the funds, an inquiry was made by a Pintail employee concerning the above-mentioned garnishment judgments. *184 She was advised by counsel for the finance companies to garnish a portion of the money and to send the remaining amount to Mr. Benoit.
"The funds that were withheld were applied to the two outstanding judgments in favor of Fleet Finance, Inc. and Fendley Finance, Inc. The Fleet judgment was paid in full and later was cancelled, while the Fendley judgment was partially paid.
"Mr. Benoit then instituted this suit for wrongful seizure contending that the funds seized were part of a retirement plan and as such, were exempt from seizure.
"The Court finds that the money seized was not part of a retirement plan, as the funds had already been withdrawn, as per Mr. Benoit's request. The result might be different had the funds been seized in the hands of the plan's trustee.
"The Court does find, however, that the seizure was wrongful for other reasons. The two garnishment judgments were directed to the garnishment of 25% of the disposable pay of Michael Benoit ... to be paid out of each and every pay check of Michael Benoit.' The specific language of these judgments precluded the garnishment of any monies other than Mr. Benoit's weekly pay.
"Further, LSA-R.S. 13:3923 provides, in part, that `all effects of the seizure by garnishment shall cease upon the termination of employment of the debtor with the garnishee, unless the debtor is reinstated or re-employed within 180 days after termination.' As noted above, Mr. Benoit resigned from Pintail prior to the withdrawal of the funds from the plan. Therefore, the two garnishment judgments ceased to be of effect on the date of the plaintiff's resignation, and a new writ should have been issued for the seizure of the funds.
"Based on the above and foregoing, the Court hereby awards to Michael Benoit the sum of $6764.16 plus interest thereon from the date the funds were paid out until returned, and attorney's fees in the amount of $1,000. The Court further awards a prorated share equal to 45% of the penalty and interest due on the taxes not paid for the funds received from the plan. Damages for emotional distress and loss of consortium are not awarded, as Mr. Benoit has not presented evidence of same.
"Costs of these proceedings to be paid by the defendants.
"A Judgment conforming hereto will be signed upon presentation."

DEFENDANTS' ASSIGNMENT OF ERRORS
In their brief defendants set forth the following assignment of errors:
"1. The trial court erred in awarding plaintiff a return of the seized funds, in view of his sworn testimony that if he had received these funds, he would have paid the seizing creditors with the funds.
"2. The trial court erred in awarding attorney's fees to plaintiff in the absence of any statute or contract authorizing the plaintiff to recover attorney's fees.
"3. The trial court erred in awarding to plaintiff as damages 45% of the penalty, interest and/or taxes payable by the plaintiff on account of his failure to report and pay the tax due on his early withdrawal of his retirement funds.
"4. In the alternative, if the court finds that such award was proper, the judgment is in error, in that the trial court awarded 45% of the penalty and interest in connection with the plaintiff's taxes, whereas the judgment erroneously awards 45% of the penalty, interest, and taxes.
"5. The trial court erred in awarding judgment against the attorneys for the seizing creditor and against the plaintiff's employer."

ASSIGNMENT OF ERROR NO. 1
The trial court correctly gave judgment ordering a refund of seized funds to plaintiff. As the trial judge noted, the garnishment was directed to each and every pay check due to plaintiff. The funds *185 withdrawn by Benoit from the pension or retirement plan prior from separating from Pintail Enterprises, Inc. did not constitute pay. Second, it is clear that seizure by garnishment ceases upon termination of employment. Hooter v. Wilson, 273 So.2d 516 (La.1973), and Farrell v. Farrell, 446 So.2d 790 (La.App. 4th Cir.1984).

ASSIGNMENT OF ERROR NO. 2
No citation of authority is required to support the well established rule that attorney's fees are not recoverable unless specifically provided for by statute or contract between the parties. The plaintiff concedes that the trial judge erred in awarding plaintiff $1000 as attorney's fees. However, plaintiff alleges in his petition that he is entitled to damages for the wrongful seizure, and he specifically prayed for an award of damages as well as the return of the funds wrongfully seized. The trial judge made no award for damages as such, and the plaintiff urges that the trial court's use of the words "attorney's fees" was inadvertant. Plaintiff urges that terminology under the circumstances is unimportant, and the $1000 award should be considered as general damages rather than attorney's fees.
Such contentions on the part of the plaintiff have engaged our attention, and we have considered whether we could simply recharacterize or redesignate the award under our authority contained LSA-C.C.P. art. 2164. We conclude that we may not do so.
Plaintiff not only prayed for damages for wrongful seizure, he also prayed for attorney's fees. In fact, plaintiff not only prayed for damages for wrongful seizure as such, but also damages for "emotional distress and loss of consortium" which the trial court denied. In view of the fact that the trial judge specifically addressed the items of attorney's fees and compensation for emotional distress and loss of consortium, we must regard his failure to address the issue of "damages for wrongful seizure" as having been denied.
Plaintiff had a remedy by which he could have had us consider the issue of damages in lieu of attorney's fees, or at least have the denial of wrongful seizure considered as an independent matter. He should have answered the appeal as directed by LSA-C.C.P. art. 2133 and urged this matter as an appeal of his own. Plaintiff only made his point in his brief, which does not serve as an answer to an appeal. Holder v. Louisiana Parks Service, 552 So.2d 20 (La.App. 3d Cir.1989), writ denied, 556 So.2d 59 (La.1990).
The award of attorney's fees to plaintiff must be reversed.

ASSIGNMENTS OF ERROR NO. 3 AND 4
Plaintiff alleges that the funds belonging to him and the retirement fund paid to Pintail Enterprises, Inc. amounted to $6,764.16. After the garnishments were paid, plaintiff received approximately $3700. Plaintiff failed to pay the Internal Revenue Service taxes which became due upon withdrawal of his retirement fund. The trial court gave plaintiff judgment against defendants for 45% of the penalty and interest due on the taxes plaintiff neglected to pay to the IRS. We know of no authority under which defendants can be held liable for plaintiff's tax obligations. Moreover, plaintiff did receive funds and could have paid them. This portion of the judgment must be reversed.

ASSIGNMENT OF ERROR NO. 5
In this assignment appellants urge that the trial judge erred in awarding judgment against the attorneys for the seizing creditors and the plaintiff's employer. Appellants urge that it is well settled that an attorney does not owe a legal duty to his client's adversary when acting in his client's behalf. For this proposition appellants rely on C & V Gravel, Inc. v. Maco Construction Corp., 465 So.2d 938 (La. App. 2d Cir.1985); McReynolds v. Kruse, 440 So.2d 791 (La.App. 1st Cir.1983), writ denied, 444 So.2d 1241 (La.1984); Lowe v. Continental Insurance Company, 437 So.2d 925 (La.App. 2d Cir.), writ denied, 442 So.2d 460 (La.1983), cert. denied, 466 U.S. 942, 104 S.Ct. 1924, 80 L.Ed.2d 470 (1984), and Spencer v. Burglass, 337 So.2d 596 (La.App. 4th Cir.1976). The Louisiana Supreme Court acknowledged in Penalber v. *186 Blount, 550 So.2d 577 (La.1989), that Louisiana followed this rule as the traditional majority view. However, Penalber made an important distinction in that case.
In Penalber the supreme court stated:
"We granted a writ to consider whether a negligence or an intentional tort action can lie in favor of a non-client against an attorney for such a wrongful seizure and if so whether, on the showing made, summary judgment was proper.
"There is a clear distinction between malpractice claims based on negligence and claims based on intentional tort. We conclude an attorney can be held accountable to a non-client for intentional tortious conduct such as the knowing violation of a prohibitory statute, but no cause of action lies in favor of a non-client under theories of malpractice and negligence because the attorney owes no duty to the adversary of his client."
550 So.2d at 578.
In our opinion the trial judge in the case before us could reasonably have found that the attorneys for the seizing creditors knowingly violated a prohibitory statute in counseling the parties and in provoking the wrongful seizure of plaintiff's retirement funds. See Rosell v. ESCO, 549 So.2d 840 (La.1989). However, we note that only the certifying attorney may be held liable for failure to make an objectively reasonable inquiry into the facts and law. See LSA-C.C.P. arts. 863, 1420. The firm with which the certifying attorney is associated is not sanctionable as a matter of law. See Murphy v. Boeing Petroleum Serv., Inc., 600 So.2d 823 (La.App. 3d Cir.1992), and cases cited therein. However, the defendant law corporation has not raised this issue and we do not have before us a record which could fix the responsibility on one or more attorneys. Consequently, we are inclined to leave the matter as it stands.
As regards Pintail Enterprises, Inc. we consider Capital Bank & Trust Company v. Core, 343 So.2d 284 (La.App. 1st Cir.), writ denied, 345 So.2d 504 (La.1977) as an authority for holding Pintail Enterprises, Inc. liable under the circumstances.

DAMAGES FOR FRIVOLOUS APPEAL
In his brief, Michael Benoit asks that we grant him damages for frivolous appeal under LSA-C.C.P. art. 2164. While his demand has no merit, we cannot consider his request as he did not answer the appeal to ask for such damages. LSA-C.C.P. art. 2133; Liquidation of Hornsby & Landry v. Hornsby, 559 So.2d 861 (La. App. 3d Cir.), writ denied, 563 So.2d 866 (La.1990).

DISPOSITION
For the reasons given above, we modify the judgment of the trial court to vacate and set aside the award of $1000 in attorney's fees to plaintiff, Michael Benoit, and to vacate and set aside that portion of the judgment in favor of plaintiff which grants judgment against defendants for 45% of the penalty and interest due on taxes plaintiff failed to pay to the Internal Revenue Service on funds received on the retirement fund which is the subject of this suit. In all other respects the judgment of the trial court is affirmed.
The costs of this appeal are to be paid one-half by plaintiff-appellee, Michael Benoit, and one-half by the defendants-appellants.
AFFIRMED AS AMENDED.
NOTES
[*] Honorable William A. Culpepper and Honorable Kaliste J. Saloom, Jr. participated in this decision by appointment of the Louisiana State Supreme Court as Judges Pro Tempore.