246 So.2d 686 (1970)
Bennet BERARD
v.
AMERICAN EMPLOYERS INSURANCE COMPANY et al.
No. 8220.
Court of Appeal of Louisiana, First Circuit.
November 16, 1970.
Ronald E. Dauterive, of J. Minos Simon's Office, Lafayette, for appellant.
Raymond M. Allen, of Davidson, Meaux, Onebane & Donohoe, Lafayette, for appellees.
Before LANDRY, ELLIS and BLANCHE, JJ.
LANDRY, Judge.
Defendant, Dr. Ernest Yongue, has moved the dismissal of this appeal herein by Ronald E. Dauterive, attorney for plaintiff Bennet Berard, from the judgment of the trial court, condemning counsel to pay $250.00 as attorney's fees for filing a motion to compel answers to interrogatories without substantial justification, pursuant to the provisions of LSA-C.C.P. art. 1511. Plaintiff Berard filed his suit in forma pauperis. It would appear that this circumstance prompted rendition of judgment against counsel alone.
The motion to dismiss is predicated upon Roy v. Moity, La.App., 225 So.2d 315; Advertiser v. Tubbs, La.App., 199 So.2d 426; Anderson v. Southern Consumers Education Foundation, La.App., 196 So.2d 686, and White v. Louisiana & Arkansas Railway Company, La.App., 94 So.2d 95. Counsel for movant correctly argues the cases cited are authority for the proposition that a judgment imposing penalties pursuant to Article 1511, above, is a non-appealable interlocutory judgment.
We are in complete agreement with the rule established in the cited authorities insofar as it applies to imposition of penalties on the litigants themselves for failing or refusing to answer interrogatories or filing a motion to compel answers to interrogatories without substantial justification. We note that all the cases relied upon involved a judgment against a litigant alone. The rationale of these cases is that determination of discovery questions, AS BETWEEN THE PARTIES TO A LAWSUIT (Emphasis by the Court), is a preliminary matter. Consequently a judgment rendered with respect to such an issue is an interlocuotry and not a final judgment. LSA-C.C.P. art. 1841. These authorities also note that a separate appeal from an award predicated upon breach of discovery procedure, as authorized by the applicable statute, would impede the progress of the principal action and promote piecemeal litigation, ends not favored in law. Moreover, *687 these same decisions correctly point out that the availability of supervisory writs to review such awards is ample protection to the litigants against unreasonable and oppressive sanctions in matters of this nature.
However, in our judgment, appellant correctly points out that the instant matter is factually distinguishable from the authorities relied upon by appellee. As appellant aptly observes, in this instance counsel for a party, not a party litigant, is alone appealing from a judgment holding counsel solely responsible for penalties under Article 1511, above.
Unquestionably the trial court possessed discretion to assess such penalties against counsel alone. Article 1511, above, expressly so provides. The judgment appealed herein does not decide a preliminary matter in a lawsuit between counsel and the party in whose favor the penalties were assessed. The decree determines in whole the merits of the single issue between the parties to the controversy concerned. It is therefore a final judgment. LSA-C.C.P. Article 1841.
The nature of the matter before us and the merits of the main demand are separate and distinct in nature. We fail to see how trial of the controversy between plaintiff and defendants can be impeded in the lower court by sustaining this appeal. Neither does it appear that piecemeal trial of the main demand will follow. We believe the trial can proceed below in an orderly and expeditious manner notwithstanding this appeal.
While a party litigant so cast in judgment may obtain relief from the imposition of similar penalties upon appellate review of the merits, an attorney so cast has no such certain remedy. The attorney's legal status in such instances would appear to depend upon the outcome of litigation to which he is not a party.
The judgment involved is final and therefore appealable.
The motion to dismiss this appeal is denied, all costs incident thereto shall be paid by movant Dr. Ernest Yongue.
Motion denied.