AYRES, Judge.
On defendant’s complaint of the noncompliance with essential requirements in the issuance of a subpoena duces tecum, writs of review issued.
Incidental to and in connection with an action for a settlement and liquidation of the community of acquets and gains which formerly existed between plaintiff and defendant, plaintiff caused a subpoena duces tecum to issue directed to defendant’s employer, Interstate School Supply Company, Inc., of Baton Rouge, Louisiana. The employer was commanded:
“To produce and file in the Clerk’s Office within fifteen (15) days, any and all records which will reveal the gross commissions, expense, net commissions, any and all sums drawn against the commissions, and all commission due GEORGE O. McCONATHY as of March 25, 1971; *502 it being the purpose of subpoena duces tecum to determine the total amount earned by the said George O. Mc-Conathy for sales or by any means whatsoever through the year 1970, and all sums paid to him after date of March 25, 1971, but which had been earned prior to said date.”
Motions to quash the subpoena duces tec-um were filed by the defendant on the bases (1) that the subpoena was not only un-authorizedly issued but was issued in violation of the provisions of LSA-C.C.P. Art. 1354 in that the documents directed to be produced were not ordered produced “at the trial or hearing” of the cause and (2) that the subpoena issued without compliance with the provisions of LSA-R.S. 13:3661 which required the posting with the clerk of court of certain necessary costs such as traveling expenses, witness fees, hotel and meal expenses for a witness residing out of the parish more than 25 miles from the courthouse where the trial or hearing was to be held.
Defendant, moreover, assails the validity of the subpoena duces tecum on the ground that the subpoena issued not upon a verified motion or petition, nor after a hearing thereon, nor by order of court but on a mere request by letter from plaintiff’s counsel to the clerk of court.
The pertinent provisions of LSA-C.C.P. Art. 1354 state:
“A subpoena may order a person to produce at the trial or hearing, books, papers, documents, or any other tangible things in his possession or under his control, if a reasonably accurate description thereof is given; * * *” (Emphasis supplied.)
The issuance of the subpoena in the instant case was not in keeping or in compliance with the aforesaid statute in that defendant was not directed to produce the documents “at the trial or hearing.”
With respect to an identical question, one of our brethren of the First Circuit had occasion to, in our opinion, appropriately and correctly point out in Cousins v. State Farm Mutual Automobile Ins. Co., 258 So.2d 629, 636 (1972):
“As urged by Applicant, the subpoena incorrectly ordered production of the file on a date other than that set for trial or hearing contrary to LSA-C.C.P. art. 1354. The pertinent statute expressly declares that a person may be ordered to produce books, papers or documents ‘at the trial of [sic] hearing.’ Prior to adoption of Article 1354, above, Louisiana Code of Practice Article 143 provided that a person might discharge his obligation under a subpoena by merely depositing the requested documents in the registry of the trial court. However, the redactors of our Code of Civil Procedure, in Footnote (b) under Article 1354, . . . have made it clear that the former rule has been changed and that production of documents pursuant to a subpoena is intended solely as an adjunct to the testimony of a witness, and for that specific reason, the statute envisions production of documents at the trial or hearing, and not for inspection, copying or reproduction pursuant to discovery procedure. While we might seriously question the wisdom of such a rule, the legislative intent has been made perfectly clear and is binding upon the courts. In view of the mentioned footnote, we conclude that at the trial or hearing means at a trial before a court of law or a hearing before an administrative board, commission or body possessing quasi-judicial authority. We hold, therefore, that the trial court could only order production of the file at the time of trial. In that respect, the subpoena is invalid and must be set aside. We recognige, however, the right of the trial court to issue a subpoena requiring production of the file on the date of trial below.” (Emphasis supplied.)
From the record, it further clearly appears that funds were not provided for the employer’s representative to attend *503 court and produce the documents sought. The provisions of the statute (LSA-R.S. 13:3661) have, therefore, not been complied with. In this regard, it seems appropriate to observe that the first paragraph of LSA-C.C.P. Art. 1354 provides for the issuance of a subpoena duces tecum to a third party for production of documents at a trial between other parties. In the official comments with reference to this article, paragraph (b) recites:
“The theory has been adopted that the production of documents and papers should be only an adjunct to the subpoenaing of a witness. Therefore, the idea contained in Art. 143 of the Code of Practice of 1870 to the effect that a person may simply deposit the subpoenaed objects with the clerk has been abolished. Since the above article requires the custodian of the documents to produce them, his testimony concerning his custody will be important in most cases. Of course, in many instances the testimony of the witness producing the documents will be pro forma only, and in fact all that he will be asked to do is produce the documents. The above article nevertheless fixes responsibility for the documents until produced in court.” (Emphasis supplied.)
We conclude, as did our brethren of the First Circuit, in Cousins v. State Farm Mutual Automobile Ins. Co., supra, that, under LSA-C.C.P. Art. 1354, as explained in comment (b), the production of documents pursuant to a subpoena is intended solely as an adjunct to the testimony of a witness.
In an official comment, paragraph (f), also under LSA-C.C.P. Art. 1354, it clearly appears that it was the intent of the article to require the attendance of the witness in producing the documents sought under a writ of subpoena duces tecum. This comment recites:
“The limitations on a subpoena duces tecum are the same as those upon a regular subpoena, since the subpoena duces tecum is regarded as an adjunct of the subpoena. Thus, it would be impossible to issue a subpoena duces tecum for the production of documents in the custody of a witness who resides or does business over one hundred miles away except by special court order.” (Emphasis supplied.)
In connection with the aforesaid comment, see LSA-C.C.P. Art. 1352.
When LSA-C.C.P. Art. 1354 is considered in connection with the provisions of LSA-R.S. 13:3661, the subpoena should not have issued without the costs having been advanced as provided by this statute.
Counsel has not cited us any authority for the issuance of a subpoena duces tecum without the advancement of costs as provided by LSA-R.S. 13:3661. Our independent research has not led us to any such authority.
For the aforesaid reasons, we conclude that the subpoena duces tecum, with which we have been herein concerned, is null and void and, as such, it should be, and it is hereby, accordingly vacated, quashed, and set aside. The writs heretofore issued are, therefore, perpetuated and made final, and this cause is accordingly remanded to the Honorable Twenty-Sixth Judicial District Court in and for Bossier Parish, Louisiana, for further proceedings in accordance with law and consistent with the views herein expressed.
The plaintiff in this cause is assessed with all costs incurred by the issuance of the subpoena duces tecum as well as the cost incurred in this court.
Writs perpetuated; subpoena duces tec-um quashed; and cause remanded.