361 So.2d 1231 (1978)
R. J. GALLAGHER COMPANY
v.
LENT, INC.
No. 12038.
Court of Appeal of Louisiana, First Circuit.
March 20, 1978.
Stephen K. Peters, Baton Rouge, of counsel for defendant-appellant, Lent, Inc.
Donald Smith, Baton Rouge, of counsel for plaintiff-appellee, R. J. Gallagher, Co.
Before BLANCHE, COVINGTON and CHIASSON, JJ.
CHIASSON, Judge.
Arman V. Melikyan appealed a judgment of the trial court dismissing his motion to vacate a subpoena of him as president of the defendant corporation, Lent, Inc., issued pursuant to a motion by plaintiff, R. J. Gallagher Company, for a judgment debtor examination of defendant.
Plaintiff has filed a motion to dismiss Melikyan's appeal contending that the trial court's ruling was not a final judgment because it did not decide the case, wholly or partially, on the merits, nor did it settle any of the rights existing between the plaintiff, Gallagher, and the defendant, Lent, Inc. Therefore, it is asserted that the trial court's ruling is the equivalent of an interlocutory order, not appealable unless there is a showing of irreparable injury. C.C.P. Arts. 1841 and 2083.
Plaintiff's interpretation of the law is in error.
In the case of Berard v. American Employers Insurance Company, 246 So.2d 686 (La.App. 1st Cir. 1970), it was held that under Article 1841 the determination of discovery questions, as between the parties to a lawsuit, is a preliminary matter; consequently a judgment rendered with respect to such an issue is an interlocutory and not a final judgment. However, the determination of discovery questions as to one who is not a party to the case is a final judgment.
The same rationale is applicable to the instant case. Appellant was not a party to the lawsuit between Gallagher and Lent, Inc. The ruling of the trial court herein determined in whole the merits of the single issue between Gallagher and appellant, i. e., whether appellant, as an officer of the defendant corporation, could be subpoenaed to testify in the judgment debtor examination of the corporation. The trial court's ruling denying appellant's motion to vacate the subpoena issued to him was a final judgment as to appellant and therefore appealable.
*1232 The motion to dismiss this appeal is denied; all costs incident thereto shall be paid by the plaintiff, R. J. Gallagher Company.
MOTION DENIED.