LOBRANO, Judge.
CKB Petroleum, Inc. (“CKB”) appeals the trial court’s denial of a motion to quash a subpoena duces tecum issued to it by Phillips Petroleum Co. (“Phillips") in connection with a lawsuit between Phillips and OKC Limited Partnership (“OKC”).[1] We affirm.
Phillips is the owner of a one-fourth working interest in an oil and gas lease covering an area in the Gulf of Mexico designated as South Pass, Block 89. In a 1977 farmout agreement, Phillips subleased its interest in the Block 89 lease to OKC Limited Partnership but reserved an overriding royalty interest which converted to a net profits interest when a “net profit” was achieved by OKC from the leased area. In order to determine the monthly payments which OKC is required to make to Phillips, OKC is obligated to maintain a “net profits” account. The farmout agreement details, what income must be credited and what costs can be charged to this account.
Various payments were made by OKC to Phillips from June 1985 to February 1990. After payments to Phillips allegedly stopped in February 1990, Phillips filed suit against OKC alleging breaches of the farm-out agreement. This suit is still in the discovery stage.
CKB is the owner of the pipeline which transports oil from Block 89 to Louisiana. CKB acquired its interest in this pipeline in 1985. CKB is not a party to the contract dispute between Phillips and OKC. However, Phillips served CKB with a deposition subpoena duces tecum. CKB moved to quash the subpoena duces tecum and, alternatively, asked for a protective order prohibiting or limiting the discovery sought. The trial judge denied the motion to quash. This appeal followed.
On appeal, CKB argues that the trial judge erred in denying its motion to quash and its request for a protective order. It alleges four reasons why the motion to quash should have been granted.
*67 First, CKB argues that a non-party can be compelled to produce documents only at a trial or hearing. In support it cites LSA-C.C.P. art. 1354 which states, in pertinent part:
“A subpoena may order a person to appear and/or produce at the trial or hearing, books, papers, documents, or any other tangible things in his possession or under his control, if a reasonably accurate description thereof is given; but the court in which the action is pending in its discretion may vacate or modify the subpoena if it is unreasonable or oppressive.”
CKB also cites two cases from other Louisiana circuits which have interpreted this article to mean that a non-party can be compelled to produce documents only in conjunction with testimony at trial or at a hearing and not for discovery procedures. McConathy v. McConathy, 291 So.2d 501 (La.App. 2nd Cir.1974); Cousins v. State Farm Mutual Automobile Insurance Co., 258 So.2d 629 (La.App. 1st Cir.1972). CKB emphasizes the phrase “at the trial or hearing” as dispositive of its position. Thus, the legal issue presented for our review with respect to this argument is whether a non-party can be compelled to produce documents, pursuant to a discovery subpoena duces tecum, at places other than at “trial or hearing.”
Initially we note that Article 1354 does not expressly prohibit the subpoena duces tecum issued by Phillips. Furthermore, this circuit has relied on Article 1354 in requiring a non-party financial institution to produce documents in response to a subpoena duces tecum issued in connection with discovery. See, In re Kohn, 357 So.2d 279 (La.App. 4th Cir.1978). More important, however, are the various companion articles on discovery which we believe express a legislative intent contrary to what is stated in Cousins, supra. For example, Article 1356 provides that “[pjroof of service of a notice to take a deposition constitutes sufficient authorization for issuance by the clerk or judge ... of subpoenas and subpoenas duces tecum.” Article 1438, which sets out the requirements for noticing the “deposition of any person upon oral examination,” specifically states:
“If a subpoena duces tecum is to be served on the persons to be examined, the designation of the materials to be produced as set forth in the subpoena shall be attached to or included in the notice.”
Any person, whether or not a party to the litigation, can be subpoenaed to appear at any reasonable place to give his deposition. A subpoena duces tecum has been characterized as an adjunct to the appearance of a subpoenaed witness. See Code of Civil Procedure Article 1354, comment (b). It would be unreasonable to interpret the discovery articles as permitting the compulsory attendance of any person at a deposition in an attorney’s office but not permitting a subpoena to produce records in that person’s custody. To strictly construe Article 1354 as permitting a non-party subpoena duces tecum to be returnable only at “trial or hearing” would be inconsistent with the idea of obtaining evidence in advance of trial, the very purpose of pre-trial discovery. In addition, it would be a waste of judicial time to require that the requested documents be only produced at trial necessitating a laborious review by attorneys and a delay of the trial.
We decline to follow McConathy and Cousins, supra, because we believe their holdings represent a narrow interpretation of the discovery articles which is contrary to legislative intent. We hold that the subpoena duces tecum issued to CKB in connection with pre-trial discovery did not violate the provisions of Code of Civil Procedure Article 1354 and was properly returnable at the offices of Phillips’ attorneys.
CKB next argues that the motion to quash should have been granted because the subpoena duces tecum is in conflict with the jurisdiction of a federal agency and constitutes an impermissible collateral attack on the agency’s determination. The federal agency referred to in this argument is the Federal Energy Regulatory Commission (“FERC”) which regulates the rates charged by pipeline companies (such as CKB) for the interstate transportation of *68 oil. According to CKB, the allegation in Phillips’ petition that OKC has improperly charged to the net profits account an unreasonable and excessive transportation fee for oil produced from Block 89 indicates an intention by Phillips to question the reasonableness of the FERC’s approved tariff. CKB contends this attempt by Phillips would be an impermissible collateral attack on a tariff approved by the FERC.
Phillips responds to this argument by stating that it is not challenging the reasonableness of CKB’s FERC tariff; rather, it is challenging OKC’s right to charge the full amount of this tariff to the net profits account under the farmout agreement. Phillips claims that if OKC had retained its interest in the pipeline instead of transferring this interest, the cost of transporting the oil from Block 89 onshore would have been less than CKB’s FERC tariff because OKC would not have been required to obtain a FERC tariff to transport its own oil. Phillips contends that, through the subpoena duces tecum, it is attempting to discover what that lower cost would have been. According to Phillips, it will use that information only to show that it is unreasonable for OKC to charge the full amount of CKB’s tariff to the net profits account and will not use it to challenge the reasonableness of CKB’s tariff.
We have no disagreement with the legal proposition concerning a collateral attack on the determination of a federal agency. However, this argument ignores the question before us. The issue is not whether the documents sought by Phillips will be admissible during trial, but whether they are discoverable. Code of Civil Procedure Article 1422 provides for discovery of “any matter ... which is relevant to the subject matter” or “if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.”
The subject matter of this litigation is a breach of the agreement between Phillips and OKC. It does not seek to overturn the FERC’s determinations. If it did, or ultimately does, OKC can certainly assert the “collateral attack” defense. But the case is in its pre-trial discovery stage and we cannot, at this time, deny discovery on these grounds.
CKB next argues that the subpoena duces tecum should have been quashed because it seeks documents dating back to 1984, most of which are not relevant to this action. According to CKB, the farmout agreement between Phillips and OKC limits the time that Phillips can question any item in the monthly net profits statements to one year. Section IY(f) of the farmout agreement states:
“If, at the expiration of one year from the rendition of a particular statement, [Phillips][2] has raised no objection to the items therein reflected nor as to the debits or credits upon which such items are based, such statements shall be conclusively deemed to be correct for all purposes, and OKC shall no longer be required to maintain any records in connection therewith.”
CKB claims that any records of CKB relating to OKC that are over one year old are irrelevant to this action. For this reason, CKB argues that if this court declines to reverse the order denying CKB’s motion to quash the subpoena duces tecum, the subpoena should at least be modified to limit the production of documents to those dated on or after August 2, 1989, which is one year prior to the date on which Phillips’ original petition was filed.
Phillips counter that CKB has no standing to assert an audit limitation contained in a contract to which it is not a party. We agree.
Although CKB has the right to challenge the relevance of the information sought in the subpoena duces tecum, it cannot rely on the provisions of a contract to which it is not a party to quash discovery. Furthermore, whether or not Phillips reserved its rights under the farmout agreement to challenge the amounts charged to the net profits account is a question of fact which cannot be resolved on the basis of the *69 record before us. We find no merit in this argument.
Finally, CKB argues that the production of the documents requested would be unreasonable and oppressive because the documents and their custodian are located in Dallas, Texas. Phillips replies that it is fair to require CKB to produce these documents in Louisiana because it has qualified to do business in this state, and has designated an office and registered agent for service of process. CKB admits these facts in the stipulation of facts filed in connection with the motion to quash. Although it claims to conduct no business from the office designated in its application to do business in Louisiana, CKB clearly has sufficient contacts with Louisiana to subject it to legal process in this state. We hold that the production of documents requested in the subpoena duces tecum would not be unreasonable or oppressive.
Although Phillips, in its brief, seeks damages for a frivolous appeal we will not consider the issue because it must be raised by way of answer to the appeal. La. C.C.Pro. Art. 2133; Olivier v. Comeaux, 498 So.2d 1135 (La.App. 3rd Cir.1986).
Accordingly, for the reasons stated above, we affirm the trial court judgment denying the motion to quash the subpoena duces tecum directed to CKB Petroleum.
AFFIRMED.

. Because CKB Petroleum, Inc. is not a party to the litigation between Phillips Petroleum Company and OKC Limited Partnership, the judgment denying its motion to quash the subpoena duces tecum is a final, appealable judgment. R.J. Gallagher Company v. Lent, Inc., 361 So.2d 1231 (La.App. 1st Cir.1978).

. This agreement which was adopted by Phillips when it acquired its interest in the Block 89 lease was drafted with the names OKC and Aminoil, Phillips' predecessor in interest.