771 So.2d 747 (2000)
Dwayne LARRIVIERE
v.
Frankie HOWARD.
No. 00-186.
Court of Appeal of Louisiana, Third Circuit.
October 11, 2000.
*748 Jimmy R. Faircloth, Jr., Mark Vilar, Faircloth & Davidson, L.L.C., Alexandria, LA, Counsel for Plaintiff/Appellee.
David Lestage, Deridder, LA, Counsel for Defendant Sheriff Frankie Howard.
Foye L. Lowe, Jr., Baton Rouge, LA, Counsel for Appellant Louisiana State Police.
*749 Court composed of Chief Judge NED E. DOUCET, Jr., Judge GLENN B. GREMILLION, Judge ELIZABETH A. PICKETT.
GREMILLION, Judge.
In this case, the Louisiana Department of Public Safety and Corrections, a nonparty to the action, appeals the judgment of the trial court denying its motion to quash a subpoena duces tecum. For the following reasons, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND
The instant litigation arises out of an application by the plaintiff, Dwayne Larriviere, for employment as an officer with the Louisiana Department of Public Safety and Corrections (DPSC). After successfully completing several parts of the application process, Larriviere appeared before the final decision-making committee. During oral questioning, it was made apparent that DPSC had obtained contradictory information during its background investigation from that stated by Larriviere in his written application for employment. Larriviere urged that he resigned from his former employment whereas DPSC's investigation indicated that he was terminated for cause. Larriviere alleges that one of the committee members told him that his former employer, Vernon Parish Sheriff Frank A. Howard, informed DPSC of the termination. Ultimately, Larriviere was not offered a position with DPSC.
Larriviere filed suit against Sheriff Howard, alleging that the comments about his employment history were false and defamatory per se. In May of 1999, Sheriff Howard filed a Notice to Take Deposition Upon Written Questions of Custodian of Louisiana Department of Public Safety and Corrections, Office of State Police, seeking employment application records pertaining to Larriviere including written investigative reports, test results, and interview results. DPSC then filed a motion to quash Sheriff Howard's request. The motion was denied by the trial court on November 4, 1999, and Sheriff Howard was granted the right to obtain discovery of this information. DPSC timely appealed the trial court's decision.

LAW
Appellate review of a question of law is simply a decision as to whether the trial court's decision is legally correct or incorrect. Jim Walter Homes, Inc. v. Jessen, 98-1685 (La.App. 3 Cir. 3/31/99); 732 So.2d 699. If the trial court's decision was based on its erroneous application of law, rather than on a valid exercise of discretion, its decision is not entitled to deference by the reviewing court. Kem Search, Inc. v. Sheffield, 434 So.2d 1067 (La.1983). When an appellate court finds that a reversible error of law was made in the lower court, it must redetermine the facts de novo from the entire record and render a judgment on the merits. Lasha v. Olin Corp., 625 So.2d 1002 (La.1993).

ISSUES
Initially, we must address whether the judgment denying the motion to quash filed by a non-party to the action is a properly appealable issue. Additionally, DPSC asserts that the trial court was in error in granting the motion to quash because it failed to recognize the confidential informant shield and related privilege established by La.R.S. 44:3(A)(2) and 44:4. In the alternative, DPSC asserts that even if the privilege is qualified rather than absolute, the trial court should have examined the documents in camera. Further, DPSC asserts that the trial court failed to give effect to the agreement between Larriviere and DPSC concerning the confidentiality of pre-employment background checks.

APPELLATE REVIEW OF MOTION TO QUASH
The issue of whether a non-party to the action can properly appeal the denial of a motion to quash is a matter of first *750 impression in our court. However, our colleagues in the first, fourth, and fifth circuits have had the opportunity to examine this issue and have held that a nonparty to the action can properly appeal a final judgment denying a motion to quash. We agree with our colleagues.
The determination of discovery questions as to one who is not a party to the case is a final judgment. R.J. Gallagher Co. v. Lent, Inc., 361 So.2d 1231 (La.App. 1 Cir.1978). This is because the nature of the issue before the court is separate and distinct from that of the main demand. Thus, resolution of this issue does not impede the orderly and expeditious proceedings occurring in the trial court in relation to the main demand. Berard v. American Emp. Ins. Co., 246 So.2d 686 (La.App. 1 Cir.1970). Furthermore, this is not a preliminary matter between the parties to the action. Rather, this ruling denying a motion to quash a subpoena duces tecum brought by a nonparty to the action determines in whole the merits of this single issue between the parties, i.e., whether DPSC can be subpoenaed to produce discovery material. Id. It is, therefore, a final appealable judgment. La. Code Civ.P. arts. 1841, 2083(A).

DPSC'S ASSERTION OF PRIVILEGE
DPSC asserts that a confidential informant shield and related privilege are established by La.R.S. 44:3(A)(2) and 44:4(3). We agree with the trial court's determination that the Public Records Act does not apply in this case. Information obtained in a background investigative check is simply not a public record within the meaning of the statute. Even if we assume that the act applies, La.R.S. 44:4(3) clearly precludes applicability of the privilege to this case. La.R.S. 44:4(3) (emphasis added) states:
This Chapter shall not apply:
To any records, writing, accounts, letter, letter books, photographs or copies thereof, in the custody or control of any officer, employee, agent or agency of the state whose duties and functions are to investigate ... the business of any private person ... when the records, writings, accounts, letter books, photographs or copies thereof, pertain to the business of the private person, firm or corporation, and are in their nature confidential.

It is obvious that the purpose of a background investigation of a prospective employee is to look into the applicant's personal business. DPSC admits that the State Police "wants to throughly[thoroughly] probe the background of a prospective trooper," including information as to "reputation, conduct, attitude, and other unquantifiable intelligence." Thus, the information gathered as a result of the background investigation of Larriviere is personal business of a confidential nature that does not fall within the protection of the statute.
We are mindful, however, of DPSC's desire to protect sources of information used to investigate potential employees. While it is true that DPSC has an interest in protecting these sources, this protection cannot extend to those informants who provide false and defamatory information. Thus, in accordance with La. Code Civ.P. art. 1422, Sheriff Howard may obtain discovery of the background investigation information since it is relevant to the subject matter involved in the pending litigation.
DPSC urges that, if we affirm the trial court and allow the discovery, we should order an in camera inspection of the State Police's document. However, the decision to grant an in camera inspection rests in the vast discretion and wisdom of the trial court, and we shall not presume to invade that province. Certainly, if there is sensitive information which is not germane to the case at hand, the trial court may inspect and delete that information before allowing discovery.
*751 Lastly, DPSC assigns as error the failure of the trial court to give effect to the agreements of Larriviere not to inquire into any of the information gathered in his background investigation. The party requesting discovery is Sheriff Howard, not Larriviere. Thus, whatever the nature of the agreement between Larriviere and DPSC, it has no relevance to the subpoena of Sheriff Howard directed at DPSC.

CONCLUSION
The Louisiana Public Records Act does not afford a privilege to DPSC because it is inapplicable to the discovery materials sought by Sheriff Howard. The trial judge may, at his discretion, grant an in camera inspection of the documents produced. Larriviere's agreement with the DPSC has no relevance in this action by Sheriff Howard. Thus, the ruling of the trial court is affirmed. The costs of this appeal in the amount of $464.70 shall be paid by the Louisiana Department of Public Safety and Corrections in accordance with La.R.S. 13:5112(A).
AFFIRMED.