Dear Chief Duhon:
Please be advised that our office is in receipt of your Attorney General opinion request regarding the safekeeping of police personnel files. As we understand your request, you state that you presently keep all of your employees' files locked in your office, as they contain background checks, which are for law enforcement use only, along with reprimands, disciplinary actions, internal investigations, and training information, which you claim are not deemed a public record. You request our opinion on this practice so that you may inform the Southwest Chief's of Police Association as their President, as you claim some have had past problems with the City Clerk losing items in personnel files.
First, it is pertinent to determine whether the public records doctrine prohibits access to specific types of information that may be located in the police personnel files. Previous Attorney General Opinion number 82-433 addressed the issue of whether police files should be locked and properly secured where only police personnel may have access to them. In answering this question, we turned to the Public Records Law, 44:1 et seq. The pertinent statutes are as follows:
La.R.S. 44:1. General Definitions
 A. (1) As used in this chapter, the phrase `public body' means any branch, department, office, agency, board, commission, district governing authority, political subdivision, or any committee, subcommittee, advisory board, or task force thereof, or any other instrumentality of state, parish, or municipal government, including a public or quasi-public nonprofit corporation designated as an entity to perform a governmental or proprietary function.
 (2) All books, records, writings, accounts, letters and letter books, maps, drawings, photographs, cards, tapes, recordings, memoranda, and papers, and all copies duplicates, photographs, including microfilm, or other reproductions thereof, or any other documentary materials, regardless of physical form or characteristics, including information contained in electronic data processing equipment, having been used, being in use, or prepared, possessed, or retained for use in the conduct, transaction, or performance of any business, transaction, work, duty, or function which was conducted, transacted, or performed by or under the authority of the constitution or laws of this state, or by or under the authority of any ordinance, regulation, mandate, or order of any public body or concerning the receipt or payment of any of this state, are `public records,' except as otherwise provided in this Chapter or as otherwise specifically provided by law.
* * *
 (3) As used in this Chapter, the word `custodian' means the public official or head of any public body having custody or control of a public record, or a representative specifically authorized by him to respond to requests to inspect any such public records.
* * *
La.R.S. 44:3. Records of prospective, investigative, and law enforcement agencies, and communications district
 A. Nothing in this Chapter shall be construed to require disclosures of records, or the information contained therein, held by the offices of the attorney general, district attorneys, sheriffs, police departments, Department of Public Safety and Corrections, marshals, investigators, public health investigators, correctional agencies, communications districts, or intelligence agencies of the state, which records are:
 (1) Records pertaining to pending criminal litigation or any criminal litigation which can be reasonably anticipated, until such litigation has been finally adjudicated or otherwise settled, except as otherwise provided in Subsection F of this Section; or
 (2) Records containing the identity of a confidential source of information or records which would tend to reveal the identity of a confidential source of information; or
 (3) Records containing security procedures, investigative training information or aids, investigative techniques, investigative technical equipment or instructions on the use thereof, or internal security information; or
* * *
 (5) Records containing the identity of an undercover police officer or records which would tend to reveal the identity of an undercover police officer; or
* * *
 B. All records, files, documents, and communications, and information contained therein, pertaining to or tending to impart the identity of any confidential source of information of any of the state officers, agencies, or departments mentioned in Paragraph A above, shall be privileged, and no court shall order the disclosure of same except on grounds of due process or constitutional law. No officer or employee of any of the officers, agencies, or departments mentioned in Paragraph A above shall disclose said privileged information or produce said privileged records, files, documents, or communications, except on a court order as provided above or with the written consent of the chief officer of the agency or department where he is employed or in which he holds office, and to this end said officer or employee shall be immune from contempt of court and from any and all other criminal penalties for compliance with this paragraph.
* * *
In this opinion it was determined that if the information was not listed within any of the above exceptions, then the information should be made public record. However, in previous Attorney General Opinion Number 00-165, our office looked closer into the type of information that would possibly appear in personnel files. Particularly, we cited Title ResearchCorp. v. Rausch, 433 So.2d 1105, (La.App. 1 Cir. 1983), which held that while it is necessary to recognize that the public record statutes must be liberally construed so as to extend, rather than restrict access to public records by the public, the right to examine and obtain copies of public records is not absolute and unqualified. In further explanation of this premise, our office cited the Federal Freedom of Information Act, 5 U.S.C. § 522, which exempts from public inspection all personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. Our conclusion was that general information, such as education, salary, tenure, rank or title and military service, would be subject to disclosure. Atty. Gen. Op. No. 93-482. However, information pursuant to La.R.S. 44:11, such as telephone number of employee, when the employee has chosen to have an unlisted number or has requested it be confidential, and home address, when the employee has requested its confidentiality, shall be confidential and restricted from public access.
In further explanation of the exceptions above, it has previously been held that information obtained in any investigative background check is considered not a "public record" within the meaning of the Public Records Act. Larriviere v. Howard, App. 3 Cir. 2000, 00-186 (La.App. 3 Cir. 10/11/00), 771 So.2d 747.
It is therefore concluded by our office that in order for any piece information located within an employee's file to be considered public record, it must not fall within any of the exceptions of La.R.S. 44:3 or La.R.S. 44:11, or must not be information the employee reasonably expects to be kept confidential.
To further answer your question, we turn to La.R.S. 44:31, wherein it states that the responsibility of an elected official is to be the custodian of all records. His authority to permit examination of these records includes authority to separate the non-public records. If he, as custodian, raises a question as to whether a requested record is public or not, he shall within three days of receipt of a request, notify the person in writing of his determination and the reasons therefor. La.R.S.44:32(D). Because the Chief of Police is the custodian, it is our opinion that keeping personnel files locked within his office is a permissible action.
As per our phone conversation, you further requested information on access of these particular personnel files by the mayor and/or board of alderman. Because the City of Carencro is a Lawrason Act municipality, governed by the provisions of La.R.S. 33:321, et seq., it is important to discuss La.R.S. 33:423 which generally outlines the powers of the chief of police. The pertinent statute is as follows:
§ 423. Duties of marshal
 A. The marshal shall be the chief of police and shall be ex officio a constable. He shall have general responsibility for law enforcement of all ordinances within duties required of him by ordinance. In those municipalities governed by the provisions of this Part, R.S. 33:321 et seq., which have a chief of police elected by the qualified voters thereof, he shall make recommendations to the mayor and the board of aldermen for appointment of police personnel, for the promotion of officers, to effect disciplinary action, and for dismissal of police personnel. Such nominations or recommendations are to be made regardless of race, color, disability, as defined in R.S. 51:2232(11), or creed.
 B. The provisions of Subsection A of this Section shall not be construed to limit or restrict the provisions of R.S. 33:423.3.
Because the Chief of Police of Carencro is an elected one, he has the sole power to recommend who is fired and hired within the police department. Lee v. Grimmer, 775 So.2d 1223 (La.App. 1st Cir. 2000), concluded that the legislature intended to further limit the power that the mayor and board of aldermen had with respect to the hiring and firing of employees of the police department. The court determined that the word "shall" in LSA R.S. 33:423 mandated a recommendation by the chief of police as a prerequisite to action by the mayor and board of aldermen with respect to the termination or hiring of police personnel. Furthermore, the chief of police has supervisory powers over all personnel once appointed and the mayor and/or board of alderman may not limit or restrict this inherent supervisory power of the chief of police.
In light of this opinion, it would appear that in order to make the determination to hire and fire police personnel, access to their files would be necessary. However, this necessity only occurs when in the fulfillment of the duties of the mayor and board of alderman. It is therefore the opinion of this office that in order for a mayor or the board of alderman to gain access to all necessary information exempt from public record, the necessity must coincide with the fulfillment of their duties. Further, it must be noted that if such occurs, the mayor or board of alderman become the custodian of the information, and as such, are responsible for the safekeeping of those materials.
I hope this opinion has sufficiently answered your question. If you have any further questions, please do not hesitate to contact our office.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 By: ___________________________ VIRGINIA L. COREIL Assistant Attorney General
Date Released: May 9, 2002