NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 26-88

MARIA SANCHEZ DUHON

VERSUS

RAY DUHON, JR.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF VERMILION, NO. 109755
HONORABLE KRISTIAN DENNIS EARLES, DISTRICT JUDGE

**********

CHARLES G. FITZGERALD

JUDGE

**********

Court composed of Charles G. Fitzgerald, Gary J. Ortego, and Ledricka J. Thierry, Judges.

APPEAL DISMISSED.
APPELLANT PERMITTED TO FILE
APPLICATION FOR SUPERVISORY WRITS.

**Bradford Hyde Felder**
**Veazey, Felder & Renegar**
**2 Flaff Place**
**Lafayette, LA 70508**
**(337) 234-5350**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Maria Sanchez Duhon**

**Paula B. Bertuccini**
**Bertuccini Law Firm**
**225 West Main St.**
**Lafayette, LA 70501**
**(337) 456-2777**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Maria Sanchez Duhon**

**Scott M. Hawkins**
**Hawkins & Associates**
**913 South College Rd #260**
**Lafayette, LA 70503**
**(337) 210-8818**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Ray Duhon, Jr.**

**FITZGERALD, Judge.**

In this custody dispute, Defendant-Appellant, Ray Duhon, Jr., seeks relief from a judgment of the trial court below which granted a motion to quash the depositions of his former step-children.

On May 22, 2024, Duhon filed rule to modify a prior stipulated judgment of sole custody in favor of Duhon's former wife, Maria Sanchez-Duhon. The parties have one child together, who was the subject of the rule. The basis of Duhon's motion was the dismissal and expungement of his prior indictment and arrest based on allegations of sexual abuse by one of his former stepdaughters, who is Sanchez-Duhon's daughter from a prior relationship.

As part of the litigation that followed, Duhon noticed the depositions of both his former stepdaughters, who are both adults, and they were issued subpoenas. The stepdaughters then filed a pro se Motion to Quash, arguing that the requested depositions were in violation of La.R.S. 46:1844(C)(3),[1] which involves interviewing victims and witnesses of a crime. Duhon opposed the motion, noting the broad and liberal construction of discovery statutes, and arguing that La.R.S. 46:1844(C)(3) does not apply to civil cases. At the hearing on the motion, the trial court stated that it was granting the motion to quash until criminal proceedings involving Duhon were complete. A judgment granting the motion to quash was signed May 8, 2025. Duhon filed a notice of intent to seek supervisory writs on May 27, 2025, and a writ application was filed July 14, 2025.

---

[1] La.R.S. 46:1844(C)(3) states:

> The victim and the victim's family may refuse any requests for interviews with the attorney for the defendant or any employee or agent working for the attorney for the defendant. If the victim is a minor, the parent or guardian of the victim may refuse to permit the minor to be interviewed by the attorney for the defendant or any employee or agent working for the attorney for the defendant. Before any victim may be subpoenaed to testify on behalf of a defendant at any pretrial hearing, the defendant shall show good cause at a contradictory hearing with the district attorney why the subpoena should be issued. Willful disregard of the rights of victims and witnesses as enumerated in this Paragraph may be punishable as contempt of court.

On October 27, 2025, this court found the matter was a final judgment better suited for full appeal, ruling:

> **<u>WRIT DENIED AND REMANDED WITH INSTRUCTIONS</u>**. The judgment granting [the step-daughters'] pro se Motion to Quash is an final, appealable judgment because movants are not otherwise parties to proceeding at issue. *See*, *Green v. Canal Ins. Co.*, 22-384, (La.App. 4 Cir. 11/14/22), 352 So.3d 99, and *Larriviere v. Howard*, 00-186 (La.App. 3 Cir. 10/11/00), 771 So.2d 747, *writ granted in part* [*on other grounds*] *and remanded*, 00-3087 (La. 1/26/01), 781 So.2d 567. Appellate courts generally will not exercise their supervisory jurisdiction when an adequate remedy exists by appeal. *Douglass v. Alton Ochsner Medical Found.*, 96-2825 (La. 6/13/97), 695 So.2d 953.
>
> While a motion to appeal the trial court's May 8, 2025 judgment would be untimely at this point, we find that Relator's notice of intent to seek supervisory writs would have been timely filed as a motion seeking an appeal from that judgment. Therefore, in keeping with the intent of *Armstrong v. Stein*, 94-97 (La. 3/18/94), 634 So.2d 845, we hereby consider Relator's notice of intent to seek supervisory writs as a timely filed motion for appeal. Relator must now comply with the other rules governing an appeal; i.e., although Relator is deemed to have timely obtained an order granting the appeal, Relator must obtain a return date, pay all appropriate fees associated with the preparation of the record in this case, and pay the filing fees of the appellate court, in addition to any other statutory provisions regarding appeals from rulings of this nature.
>
> Accordingly, we hereby remand this matter to the trial court for Relator to comply with the other mandates of the Louisiana Code of Civil Procedure and the Louisiana Revised Statutes governing appeals.

The matter was filed as an appeal in this court in accordance with that ruling. After the lodging of the current appeal, Sanchez-Duhon and the stepdaughters filed a motion to dismiss the appeal, citing the supreme court case of *Sorenson v. Ave. Plaza Owners Ass'n, Inc.*, 25-1506 (La. 12/8/25), 424 So.3d 609, rendered after our writ ruling. Therein, the supreme court refuted *Larriviere*, 771 So.2d 747, which we based our ruling on, and declared:

> A review of the current statutory law convinces us that the legislature has not authorized appeals of discovery rulings which are plainly interlocutory in character. [T]o construe a discovery ruling denying a motion to quash as final for purposes of an appeal would be a legal fiction that would frustrate the legislature's intent to avoid unnecessary delay in the progress of litigation.

*Id.* at 610. Accordingly, under *Sorenson*, this matter is not fit for appeal. Appellees are correct and, therefore, this court lacks appellate jurisdiction in this matter.

However, we note that Appellant originally filed this matter as a timely application for supervisory writs, and this matter was only being reviewed under our appellate jurisdiction because of our prior ruling, based on prior law. In the interest of justice, this court may permit a party to file a writ application when a motion for appeal is filed within thirty days of the trial court's ruling. *Rain CII Carbon, LLC v. Turner Industries Group, LLC*, 14-121 (La.App. 3 Cir. 3/19/14), 161 So.3d 688. Since Duhon filed his original notice of intent to seek supervisory writs within the thirty days allowed, it would not be in the interest of justice to prevent him from seeking the relief he originally, timely, and now, correctly sought. Accordingly, we exercise our discretion and construe the converted motion for appeal as a notice of intent to file for supervisory writs.[2] The appeal in docket number 26-88 is hereby dismissed, and Appellant is given until May 22, 2026, to file a properly documented application for supervisory writs pursuant to Uniform Rules—Courts of Appeal, Rule 4–5.

**APPEAL DISMISSED.**
**APPELLANT PERMITTED TO FILE**
**APPLICATION FOR SUPERVISORY WRITS.**

---

[2]**For memo purposes only**: As this case is in such an odd posture, Staff suggests that this sentence could well be re-written to ignore the previous conversion to an appeal, which muddles the language, and simply state something like:

Accordingly, we exercise our discretion re-recognize the original and timely filed notice of intent to file for supervisory writs.

3