MOTION TO DISMISS
YELVERTON, Judge.
This Court, ex proprio motu, issued an order to show cause why this appeal should not be dismissed for lack of a final appeal-able judgment.
The litigation in this case deals with partnership law. A portion of the plaintiffs’appellants’ petition sought damages against several of the plaintiffs’ partners. On June 26, 1986, the trial court granted the defendants’-appellees’ motion to strike, which excised those portions of the plaintiff’s petition that sought damages from the defendants. The plaintiffs applied for supervisory writs to this Court, and we denied the application, for. there appeared to be no error in the trial court’s judgment. Steven J. Dupuis, et al. v. The Becnel Company, et al., # 87-744 (La.App. 3 Cir.1987)*. The plaintiffs took this appeal from that same judgment.
The defendants-appellees appealed the minute entry of November 4, 1986, which overruled the defendants’ exception of prescription; and, the judgment of March 27, 1986, which granted the plaintiffs’ motion for a protective order and allowed a preferential trial fixing. The defendants previously applied to this Court under our supervisory jurisdiction, without success, as did the plaintiffs. See Stephen J. Dupuis, et al. v. SBS Rue Bienville, 1981 Venture, et al., # 87-735 (La.App. 3 Cir.1987).
After the record pertaining to these appeals was lodged, this Court issued this rule, since all the judgments the litigants wished reviewed appeared to be interlocutory judgments, which are not appealable absent irreparable injury. LSA-C.C.P. art. 2083.
The appellants argue that the granting of the motion to strike is a final judgment since it decided the merits of the appellants’ claim for damages. Appellants cite the case of River Cities Construction Company, Inc., et al. v. Barnard, and Burk, Inc., 444 So.2d 1260 (La.App. 1 Cir. 1983) for this proposition. In that case, by amended answer filed June 4, 1981, a defendant-plaintiff-in-reconvention sought attorneys fees, under the provisions of La.C. C. 2315.1, as an item of damages in a suit that included a defamation claim. Plaintiffs then filed a motion to strike on the basis that L.A.C.C. 2315.1 had been repealed at the time the claim for attorney’s fees was made. The trial court granted the plaintiffs’-defendant-in-reconvention’s motion to strike. The Court of Appeal found that although judgments on motions to strike are generally interlocutory judgments, the judgment was a final judgment as it fully disposed of the part of the claim that sought attorney’s fees.
*1112 This instant case is distinguishable in the case sub judice, the damages sought by the plaintiffs against a fellow partner have not been disposed of on the merits. That claim for damages has been sought prematurely by the plaintiffs, as a dissolution of the partnership and a settlement of partnership debts must first occur, before the partners may sue each other. Jeffries v. Moore, 219 La. 692, 53 So.2d 898 (1951), Marine Services, Inc. v. A-1 Industries, Inc., 355 So.2d 625 (La.App. 4 Cir.1978), Carr v. Masters, 469 So.2d 1147 (La.App. 4 Cir.1985). The litigant in River Cities supra, lost the claim entirely, but the plaintiffs in the case sub judice may sue for damages after a dissolution has occurred. For this reason, the judgment on the motion to strike did not deal with the merits, in part or in whole, and is an interlocutory order.
The appellants next argue that they will suffer irreparable injury if the trial court does not allow the issue of damages to be litigated now, because of the suspected wasting or hiding of partnership assets by the defendants. The problem with this argument is that the settled law does not allow the claim for damages at this time. Moreover, if there is waste or the hiding of assets, these claims may be fully explored after the partnership is dissolved. The appellants thus have no valid claim of irreparable injury.
Turning to the defendants’-appel-lees’ brief in opposition to the Court's motion to dismiss, it should be noted that the brief predominately addresses the merits of the case and not the issue of whether a final appealable judgment has been presented to this Court for review. The fixing of a trial date is intimately connected with the trial court’s duty to control the proceedings and the trial court’s administration of justice. LSA-C.C.P. art. 1631. The defendants claim more time is needed for discovery, even though the suit was filed on January 3, 1986. In such a highly discretionary area, a ruling by the trial court will not be disturbed absent an abuse of discretion. Moreover, the record reveals only an order of June 15, 1987, upsetting a previously fixed date for trial. There is no order fixing the trial date after the June 15, 1987 order. This ruling by the trial court is interlocutory and non-appealable.
The defendants’ appeal of the trial court’s denial of their exception of prescription is an interlocutory judgment, as it is only a preliminary matter that does not determine the merits of the case. LSA-C. C.P. art. 1841. However, under the rationale of Herlitz Construction Company, Inc., v. Hotel Investors of New Iberia, Inc., 396 So.2d 878 (La.1981), the appellate courts will review the incorrect overruling of an exception when a reversal of the ruling will terminate the litigation between the parties. This is done only if there is no dispute of fact to resolve, and judicial efficiency is served by avoiding a possible useless future trial on the merits.
The application of Herlitz supra, is not warranted in this case, since the plaintiffs’ petition clearly states claims separate and apart from those the defendants allege have prescribed. Thus, a reversal by this Court of the denial of the exception of prescription would not terminate the litigation between the parties, and this Court declines to review the November 4, 1986 minute entry overruling the defendants’ exception of prescripton.
Lastly, the defendants’ have appealed the granting of a protective order, which is a discovery matter and is clearly interlocutory. Dubois v. Diamond M Company, 500 So.2d 919 (La.App. 3 Cir.1987).
For these reasons the appeals of all the litigants will be dismissed, as all the judgments appealed from are interlocutory non-appealable judgments. Costs are to be assessed after judgment on the merits.
APPEALS DISMISSED.

 Decisions on supervisory writ applications are not generally published by this Court.