THERIOT, J.
12This is a companion case to Stevens v. St. Tammany Parish Government, 16-0197 (La. App. 1 Cir. 1/18/17), 212 So.3d 562, handed down this same date. The plaintiffs-appellants, Terri Lewis Stevens and Jennifer Fruchtnicht, wife ofiand Craig Rivera (collectively “the petitioners”), appeal a judgment of the trial court in favor of the defendant-appellee, St. Tammany Parish Government (“STPG”), finding Ms. Stevens and her attorneys in contempt of court, ordering them to pay STPG certain costs and attorney fees, and ordering that a protective order be made *571 permanent. For the following reasons, we grant STPG’s motion to convert the sus-pensive appeal to a devolutive appeal, maintain the appeal, and affirm the trial court’s judgment.
FACTS AND PROCEDURAL BACKGROUND
On February 18, 2015, the petitioners filed a petition for injunctive relief, damages, and attorney fees against STPG. The petitioners claimed they were the owners of adjoining five-acre tracts of land located in St. Tammany Parish, Louisiana, bordering Dove Park Road; a thoroughfare owned and maintained by STPG, and which fronts the northern border of Dove Park Subdivision. The petitioners claimed that in the 1950s, STPG or its predecessor in interest approved the development of Dove Park Subdivision, which, as originally designed, did not affect the drainage of water on the petitioners’ property. However, the petitioners claimed that, in or around 2003, STPG conceived and executed a public works project to pave the streets within the subdivision, which changed the drainage of water in a manner that substantially and unlawfully burdened the petitioners’ property. The petitioners claimed that STPG then approved another public works -project to widen Dove Park Road in order to handle more drainage 13water, despite knowing that the project would substantially increase the drainage of water onto the petitioners’ property. Based upon the foregoing, the petitioners sought damages, permanent injunctive relief, mandamus relief, and a temporary restraining order and preliminary injunction prohibiting STPG from beginning or continuing work on the Dove Park Road widening project.
The petitioners removed their request for mandamus relief from the underlying suit and the trial court denied the petitioners’ request for a temporary restraining order. The issue of the preliminary injunction on the road widening project proceeded before the trial court for a hearing on March 27, 2015. In open court, on April 1, 2015, the trial court assigned oral reasons for judgment in favor of STPG. On April 20, 2015, the trial court signed a judgment in accordance with its oral ruling, denying the preliminary injunction and reserving judgment on all other matters for later determination. The trial court’s judgment on the preliminary injunction was lodged as the subject of the companion appeal under docket no. 2016 CA 0197.
Relevant for purposes of this appeal, before the trial court- signed the judgment on the preliminary injunction, an employee of STPG, Irma Russell, anonymously received a sealed envelope in her mailbox. The envelope was labeled with the name of Ms. Stevens, one of the petitioners herein. Ms. Russell was acquainted with Ms. Stevens and delivered the sealed envelope to her. Ms.- Stevens discovered that the envelope contained an electronic data storage device known as a “flash drive.” The flash drive contained digital copies of various documents associated with the property, drainage, and the public works project at issue in this suit.
|/Thereafter, according'to the minute entry for April 1, 2015, counsel for the petitioners made several statements to the trial court regarding new witnesses and documents relevant to the issue of the preliminary injunction; additionally, around this same time, the petitioners attempted to file a post-trial memorandum on the issue of the preliminary injunction. The > petitioners attached copies of three documents from the flash drive to the post-trial memorandum. The three documents, which are identified on appeal- as “Exhibits 28, 29, and 30,” had not been produced by STPG through discovery or *572 public records requests and had not been entered into evidence during the trial on the preliminary injunction.
On April 14, 2015, STPG submitted interrogatories and requests for production of documents to the petitioners regarding the source and scope of them acquisition of Exhibits 28, 29, and 30. The petitioners objected to the written discovery request. STPG responsively filed a motion to compel discovery. STPG sought to compel a response to—and the production of documents identified in response to—the following three interrogatories:
INTERROGATORY NO. 16: Please describe in detail how you came to possess Exhibit 28. Your response should state the . date you first received Exhibit 28, and identify: each person providing you with Exhibit 28, all documents associated with your receipt of Exhibit 28 and all communication's relating in any manner to your acquisition of Exhibit .28.
INTERROGATORY NO. 17: Please describe in detail how you came to possess Exhibit 29. Your response should state the date you first received Exhibit 29, and identify: each person providing you with Exhibit 29, all documents associated with your receipt of Exhibit 29 and all communications relating in any manner to your acquisition of Exhibit 29.
INTERROGATORY NO. 18: Please describe in detail how you came to possess Exhibit 30. Your response should state the date you first received Exhibit 30, and identify: each person providing you with Exhibit 30, all documents associated with | fiyour receipt of Exhibit 30 and all communications relating in any manner to your acquisition of Exhibit 30.
On June 15, 2015, the trial court held a hearing on STPG’s motion to compel discovery. Following the conclusion of the hearing, on June 16, 2016, the trial court signed a written judgment on the motion to compel discovery. The trial court ordered the petitioners make a full and complete response, without further objection and within five business days, to the subject interrogatories and requests for production.
On June 23, 2015, the petitioners answered the interrogatories. The petitioners stated that Exhibits 28, 29, and 30 were offered to Ms. Stevens as public records on or about March 27, 2015. The petitioners stated that Exhibits 28, 29, and 30 were offered to Ms. Stevens by Ms. Russell and that no substantive discussion took place at the time at which the documents were received. The petitioners did not provide any further explanation concerning then-receipt of Exhibits 28, 29, and 30. The petitioners did not identify or turn over the flash drive or the other electronic data stored upon the flash drive. The answers were verified and signed by Ms. Stevens.
On July 13, 2015, STPG deposed Ms. Stevens. Counsel for STPG questioned Ms. Stevens about her receipt of Exhibits 28, 29, and 30 and learned that Ms. Stevens had received additional documents that had not been produced by the petitioners in response to the court-ordered discovery. The following day, on July 14, 2015, counsel for the petitioners delivered a letter to the trial court along with the flash drive and all of the original electronic data stored upon the flash drive.
On July 23, 2015, STPG filed a motion for protective order, contempt of court, and sanctions against the petitioners. STPG argued that it was entitled to a protective order because the flash drive contained a complete | r,copy of its litigation file containing privileged attorney-client communications and attorney work product that was obtained without its authorization or consent. STPG further argued that the petitioners had been in possession of the flash drive and had failed to disclose *573 their possession of the flash drive in violation of court-ordered discovery. STPG submitted that the petitioners should be sanctioned for their willful conduct under La. C.C.P. art 1471.
On August 26, 2015, the trial court held a hearing on the motion for protective order, contempt of court, and sanctions. At the request of the petitioners, the trial court continued the issues of contempt and sanctions and limited the hearing to the issue of the protective order. The trial court heard arguments and accepted oral testimony regarding the acquisition, possession, and contents of the flash drive. On September 17, 2015, the trial court signed a written judgment granting the protective order, prohibiting the petitioners from viewing, possessing, using, sharing, or distributing any portion of the information contained upon the flash drive unless subsequently produced by STPG through discovery or public records requests; ordering the petitioners turn over all copies of the flash drive, identify all persons to which any information from the flash drive had been distributed, and deliver copies of any documents and attachments simultaneously to counsel for STPG; and decreeing that any documents produced by the petitioners be placed under seal.
On October 30, 2015, the trial court held a hearing on the motion for protective order, contempt of court, and sanctions in order to consider whether the petitioners should be held in contempt of court and sanctioned. On December 4, 2015, the trial court entered reasons for judgment in favor of STPG, finding Ms. Stevens and her attorneys in contempt of court for | failing to disclose their possession of the flash drive in violation of La. C.C.P. art. 1471(C). On January 21, 2016, the trial court signed a written judgment in accordance with its written reasons for judgment, finding Ms. Stevens and her attorneys in contempt of court, ordering that the protective order be made permanent, and ordering Ms. Stevens and her attorneys pay STPG the costs incurred in filing the motion for contempt as well as attorney fees in the sum of $2,500.00.[1] The petitioners now appeal.
ASSIGNMENTS OF ERROR
The petitioners present the following assignments of error:
1. The trial court erred in finding Ms. Stevens, and her attorneys, Louis R. Koerner, Jr., and James E. Blazek, in contempt,
2. The trial court erred in permanently sealing the flash drive and its contents.
DISCUSSION

Motion to Convert Suspensive Appeal to Devolutive Appeal

First, we consider the motion to convert the petitioners’ suspensive appeal to a devolutive appeal filed by STPG with this court on May 5, 2016. STPG argued in its motion that the petitioners failed to satisfy the requirements set forth in La. C.C.P. art. 2123 to perfect a suspensive appeal and averred that the suspensive appeal should be converted to a devolutive appeal. On August 10, 2016, the motion to convert the suspensive appeal to a devolu-tive appeal was referred to the panel to *574 which the merits of the appeal were assigned.
In order to perfect a suspensive appeal, an appellant must file a petition for appeal and furnish security within the thirty-day delay allowed in 8La. C.C.P. art. 2123.[2] Clement v. Graves, 04-1831 (La. App. 1 Cir. 9/28/05), 924 So.2d 196, 200 (citing Wright v. Jefferson Roofing, Inc., 93-1217 (La. 1/14/94), 630 So.2d 773, 775). The mandatory language of La. C.C.P. art. 2123 suggests that there is little room for exceptions; however, the courts have held that the failure of an appellant to timely furnish a suspensive appeal bond is not a jurisdictional defect. Antwine v. Winfield, 15-1850 (La.App. 1 Cir. 9/16/16), 203 So.3d 454. Thus, where an appellant fails to file the required bond, the suspensive appeal should be converted to a devolutive appeal, so long as the appellant has met the requirements for taking a devolutive appeal, Clement, 924 So.2d at 200.
In this case, on January 21, 2016, the trial court signed a written judgment on the motion for protective order, contempt of court, and sanctions. On February 5, 2016, the petitioners filed a motion for suspensive appeal from the trial court’s January 21, 2016 judgment. Thereafter, on February 12, 2016, the trial court signed the order granting the petitioners’ motion for suspensive appeal “upon their posting security in the amount of $2,500[.00].” There is no evidence in the record that the petitioners 1 nfurnished the required security. However, no security is required for a devolutive appeal, see La. C.C.P. art. 2121(A), and the petitioners otherwise fulfilled the requirements for taking a devolu-tive appeal. Therefore, we will consider this appeal as devolutive in nature, see Schenker v. Watkins, 521 So.2d 686, 688 (La. App. 1 Cir. 1988), and grant STPG’s motion to convert the suspensive appeal to a devolutive appeal.

Rule to Show Cause

Next, we consider the rule to show cause order issued by this court, ex proprio motu, on May 3, 2016, following the lodging of the appellate record. The rule to show cause order noted that the trial court’s January 21, 2016 judgment appeared to be a nonappealable ruling and directed the parties to show cause as to whether or not the appeal should be dismissed for this reason. On August 10,2016, the rule to show cause order was referred to the panel to which the merits of the appeal were assigned.
*575 Louisiana Code of Civil Procedure art. 1915 provides, in relevant part, as follows:
A. A final judgment may be rendered and signed by the court, even though it may not grant the successful party or parties all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court:
***
(6) Imposes sanctions or disciplinary action pursuant to Article 191, 86B, or 864 or Code of Evidence Article 510(G).
In Robinson v. Harlan, 11-0703 (La. App. 1 Cir. 11/9/11), 79 So.3d 1034, this court addressed the proper application of La. C.C.P. art. 1915(A)(6). There, we found that a contempt judgment which did not impose sanctions pursuant to any of the enumerated codal provisions, i.e.,. La. C.C.P. arts. 191, 863, or 864, or La. C.E. art. 510(G), was not an [ inimmediately ap-pealable partial final judgment under La. C.C.P. art. 1915(A)(6). Thus, we dismissed the appeal, which, like the case at bar, involved appellants who had been found in contempt of court and sanctioned for discovery violations pursuant to La. C.C.P. art. 1471. See Robinson, 79 So.3d at 1035-36.
Thereafter, the Louisiana Supreme Court granted a writ of certiorari, reinstated the appeal, and remanded the case to this court for further proceedings. See Robinson v. Harlan, 12-0363 (La. 4/9/12), 85 So.3d 131 (citing La. C.C.P. art. 1915(A)(6); In re Jones, 10-66 (La.App. 5 Cir. 11/9/10), 54 So.3d 54, writ not considered, 10-2738 (La. 2/4/11), 56 So.3d 979). Although the Supreme Court did not explain its reasoning in Robinson, later, in Capital City Press, LLC v. Louisiana State University System Bd. of Sup’rs, 13-1994 (La. 8/28/13), 120 So.3d 250, the Supreme Court denied an application for supervisory writs submitted by a relator aggrieved by a contempt judgment imposing sanctions against him, reasoning the relator “ha[d] an adequate remedy by sus-pensive appeal.”
Based upon the foregoing decisions, we find that the trial court’s January 21, 2016 judgment, holding Ms. Stevens and her attorneys in contempt of court and sanctioning them for discovery violations under La. C.C.P. art. 1471, constitutes a partial final judgment subject to immediate appeal pursuant to La. C.C.P. art. 1915(A)(6). See Allen v. Allen, 13-0996 (La.App. 1 Cir. 12/29/14), 2014 WL 7368574, *2-3 (unpublished), writ denied, 15-214 (La. 5/22/15), 171 So.3d 922. Accord Trahant v. Perez, 02-1414 (La.App. 4 Cir. 3/19/03), 843 So.2d 479, 484 (finding that a contempt judgment sanctioning appellants for discovery violations under La. C.C.P. art. 1471 constitutes a final and appealable judgment pursuant to La. C.C.P. art. 1915(A)(6)). Therefore; the appeal is maintained.

\uContempt Judgment

In the petitioners’ first assignment of error, they argue that the trial court erred in finding Ms. Stevens and her attorneys in contempt of court and sanctioning them pursuant to La. C.C.P. art. 1471. The petitioners argue that they were not required to disclose their possession of the flash drive or turn over the electronic data stored upon the flash drive. The petitioners further aver that the evidence does not support the trial court’s finding that Ms. Stevens and her attorneys willfully or intentionally withheld the flash drive in contravention of the court-ordered discovery.
Louisiana Code of Civil Procedure art. 1471, which sets forth the sanctions available against a party who fails to comply with a discovery order, provides, in pertinent part, as follows:
A. If a party ... fails to obey an order to provide or permit discovery, including *576 an order made under Article 1464 or Article 1469, the court in which the action is pending may make such orders in regard to the failure as are just, and among others any of the following:
(1) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the pai-ty obtaining the order.
(2) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing designated matters, in evidence.
(3) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party.
(4) In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination.
j SÜ *
C. In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising him or both to pay the reasonable expenses, including attorney fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.
A trial court has broad discretion in imposing sanctions against a party for failure to comply with court-ordered discovery, and a trial court’s ruling will not be reversed absent an abuse of discretion. Lirette v. Babin Farm, Inc., 02-1402 (La. App. 1 Cir. 4/2/03), 843 So.2d 1141, 1143. The criteria to be considered in imposing sanctions for failure to comply with a discovery order are the prejudice to the other party and the willfulness of the disobedient party. JP Morgan Chase Bank, N.A. v. Boohaker, 14-0594 (La.App. 1 Cir. 11/20/14), 168 So.3d 421, 429.
In the case at bar, the trial court granted STPG’s motion to compel discovery concerning the source and scope of the petitioners’ acquisition of Exhibits 28, 29, and 30. The petitioners did timely serve answers to the subject interrogatories, which, as noted above, were signed and verified by Ms. Stevens. However, Ms. Stevens failed to disclose the true nature of her acquisition of Exhibits 28, 29, and 30; that is, she did not reveal that the petitioners were in possession of the flash drive, nor did she turn over the flash drive or copies of the other electronic data stored upon the flash drive.
STPG subsequently deposed Ms. Stevens and learned of the existence of the flash drive. STPG then filed its motion for protective order, contempt of court, and sanctions, seeking, inter alia, sanctions against the petitioners pursuant to La. C.C.P. art. 1471. Following a hearing on the matter, the trial court concluded that Ms. Stevens and her attorneys had failed to comply with court-ordered discovery, without substantial justification. The trial [ 1scourt held Ms. Stevens and her attorneys in contempt of court and ordered them to pay STPG the costs incurred in the filing of the motion for contempt as well as attorney fees in the amount of $2,500.00. The trial court’s judgment does not constitute an abuse of discretion.
First, the subject interrogatories and requests for production were sufficiently broad in scope to require the petitioners to disclose their possession of the flash drive. The petitioners challenge the trial court’s *577 interpretation of the interrogatories, which, for example, they point out did not inquire as to the “format” in which the documents were received. However, we regard it dispositive that Ms. Stevens and her attorneys failed to reveal their possession of the flash drive or turn over the flash drive in spite of the trial court’s order mandating they make a full and complete response, without further objection and within five business days, to the subject interrogatories and requests for production, which required the petitioners to describe in detail how they came to possess Exhibits 28, 29, and 30; identify all documents associated with their receipt of Exhibits 28, 29, and 30; identify all communications relating in any manner to their acquisition of Exhibits 28, 29, and 30; and turn over all documents identified in response to these questions.
Notably, the interrogatories defined “documents” as including “electronically stored information, writings, drawings, graphs, charts, photographs, phono-rec-ords, sound recordings, images, and other data or data compilations in any medium....” The interrogatories defined “identify” with respect to communications as including “(a) the method or nature of the communication (e.g., letter, memorandum, e-mail, phone call, text message, etc.); (b) the subject matter of the communication; (c) the date and time of the communication; (d) the person to whom the communication was 114directed, and the person who made the communication; and (e) a summary of the contents of the communication.” The interrogatories defined “identify” with respect to a document as including “(a) the type of document (e.g., letter, record, memorandum, e-mail, text message, etc.); (b) the subject matter of the document; (c) the date and time of the document; (d) the person who made the document and the person to whom the document was directed; and (e) a summary of the contents of the document.”
In addition to the broad scope of the interrogatories and requests for production, we note that the evidence in the record belies any suggestion that Ms. Stevens and her attorneys were unaware of the scope of the court-ordered discovery. For example, the transcript of the hearing on the motion to compel clearly reflects that counsel for the petitioners was apprised of the circumstances surrounding the court-ordered discovery; that is, counsel for the petitioners was informed that STPG sought to have the petitioners answer, under oath, interrogatories intended to uncover the persons, means, and methods involved in the acquisition of Exhibits 28, 29, and 30 and that STPG sought to have the petitioners produce all other documents received by them in conjunction with Exhibits 28, 29, and 30 outside of formal discovery or public records requests.
Finally, as it concerns the question of willfulness, we find it significant that Ms. Stevens and her attorneys did not disclose their possession of the flash drive until July 14, 2015, after Ms. Stevens had been deposed and questioned by counsel for STPG about her receipt of the Exhibits 28, 29, and 30, and well after the expiration of the five-day response period imposed by the court-ordered discovery. Ms. Stevens and her attorneys failed to disclose their possession of the flash drive until after the deposition of Ms. Stevens despite the fact that Ms. Stevens admitted in 11fian affidavit that counsel for the petitioners had been made aware of the existence of the flash drive and of the potentially privileged data stored upon the flash drive before the date of her deposition.
In light of all of these facts, we cannot say that the trial court erred in finding that Ms. Stevens and her attorneys willful *578 ly failed to disclose their possession of the flash drive or turn over the flash drive in violation of the court-ordered discovery. The trial court’s finding of contempt and choice of sanctions do not constitute an abuse of discretion. The petitioners’ first assignment of error lacks merit.

Protective Order

In the petitioners’ second assignment of error, they contend that the trial court erred in granting the protective order and permanently sealing the flash drive and its contents. The petitioners aver that STPG failed to carry its burden of proving that the contents of the flash drive were privileged and further claim that the electronic data stored upon the flash drive was subject to disclosure under Louisiana’s public records laws.
Initially, we must determine whether we have jurisdiction to review the merits of the trial court’s ruling on the issue of the protective order. Ordinarily, a trial court’s ruling granting a protective order is a nonappealable interlocutoiy ruling, because it does not determine the merits of a case in whole or in part. See La. C.C.P. art. 1841; Dupuis v. Becnel Co., 517 So.2d 1110, 1112 (La. App. 3 Cir. 1987) (“Lastly, the defendants’ [sic] have appealed the granting of a protective order, which is a discovery matter and is clearly interlocutory.”). See also Jowers v. State Through Dept. of Health and Hospitals, 610 So.2d 841, 843 (La. App. 1 Cir. 1992) (“Judgments dealing with discovery matters are interlocutory in nature, regardless of whether any other matters are pending before the trial court.”).
| ^However, when an unrestricted appeal is taken from a final judgment determinative of the merits, an appellant is generally entitled to seek review of all adverse interlocutory judgments prejudicial to him, in addition to the review of the final judgment. See State ex rel. Div. of Admin., Office of Risk Management v. Nat’l Union Fire Ins. Co. of Louisiana, 10-0689 (La.App. 1 Cir. 2/11/11), 56 So.3d 1236, 1242 n.6, writ denied, 11-0849 (La. 6/3/11), 63 So.3d 1023. While the instant appeal is not an unrestricted appeal from a final judgment on the merits, “[i]n the case of an appeal from a partial [final] judgment or partial summary judgment designated as final under La. C.C.P. art. 1915(B), an appellant may also appeal an interlocutory judgment involving the same or related issues.... ” Id.' Because the trial court’s interlocutory ruling on the issue of protective order is incorporated and interrelated with the trial court’s contempt judgment, it is appropriate to consider the merits of the petitioners’ second assignment of error.
Having found that we have jurisdiction to review the trial court’s ruling on the protective order, we turn to consider the legal authority for the trial court’s issuance of same. The record reflects that, after learning of the existence of the flash drive, STPG filed a motion for protective order, contempt of court, and sanctions, seeking, amongst other things, a protective order mandating the petitioners turn over certain electronic data stored upon the flash drive, which STPG identified as including its litigation file. STPG argued that its litigation file had been obtained without its consent or authorization outside of ordinary discovery processes or public records requests and that the file was not subject to disclosure. STPG argued that it was entitled to a protective order prohibiting the petitioners from using, possessing, or disclosing its litigation file in accordance with La. C.C.P. art. 1426.
117Louisiana Code of Civil Procedure art. 1426 is found within the “Discovery” Chapter of Title III of Book II of the Code of *579 Civil Procedure and states, in pertinent part, as follows:
A. Upon motion by a party or by the person from whom discovery is sought, and for good cause shown, the court in which the action is pending or alternatively, on matters relating to' a deposition, the court in the district where the deposition is to be taken may make any order which justice requires to protect a party or person from annoyance, embarrassment/ oppression, or undue burden or expense, including one or more of the following:
(1) That the discovery not be had.
(2) That the discovery may be had only on specified terms and conditions, including a designation of the time or place.
(3) That the discovery may be had only by a method of discovery other'than that selected by the party seeking discovery.
(4) That certain matters not be inquired into, or that the scope of the discovery be limited to certain matters.
(5) That discovery be conducted with no one present except persons designated by the court.
(6) That a deposition after being sealed be opened only by order of the court.
(7) That a trade secret or other confidential research, development, or commercial information not be disclosed or be disclosed only in a designated way.
(8)That the parties simultaneously file specified documents or information enclosed in sealed envelopes to be opened as directed by the courts.
Louisiana Code of Civil Procedure art. 1462, as quoted above, does not provide codal authority for the trial court’s issuance of the protective order in this suit. The plain language of Article 1426 provides a trial court with authority to issue a protective order limiting the scope of discovery 11supon motion of a party or other person from whom discovery is sought in order to protect the party or person from annoyance, embarrassment, oppression, or undue burden or expense. The plain language of Article 1426 does not, on the other hand, provide a trial court with authority to issue a protective order or exercise control over allegedly protected information obtained by a party or other person outside of discovery.
Here, we note that the courts of this state have not yet considered whether a trial court is authorized to issue a protective order with respect to information gathered outside of formal discovery under La. C.C.P. art. 1426. However, the federal courts have addressed this question in the context of the federal counterpart to Article 1426—Fed. R. Civ. P. 26(c)[3]—and have *580 consistently held that Rule 26(c) does not authorize a trial court to issue a protective order with respect to information obtained outside of the judicial discovery rules. See Fayemi v. Hambrecht & Quist, Inc., 174 F.R.D. 319, 323-24 (S.D.N.Y. 1997); In re Shell Oil Refinery, 143 F.R.D. 105, 109 (E.D. La. 1992); Bridge C.A.T. Scan Associates v. Technicare Corp., 710 F.2d 940, 944-45 (2d Cir. 1983).
The federal courts that have considered this issue have explained that Rule 26(c) authorizes a trial court to issue a protective order limiting or foreclosing discovery or regulating the disclosure of information obtained in discovery, but does not provide a trial court with a basis for limiting the use of evidence obtained outside of discovery or provide blanket authorization to prohibit disclosure of information whenever it may deem advisable. See Fayemi, 174 F.R.D. at 323-24; Bridge C.A.T. Scan Associates, 710 F.2d at 944-45. Nevertheless, in a number of cases, the federal courts have found that a trial court has inherent authority to control the judicial proceedings, which includes the ability to control documents obtained outside of formal discovery, even though no authority exists for issuing a protective order with respect to such documents under Fed. R. Civ. P. 26(c). See Fayemi, 174 F.R.D. at 324; Shell Oil Refinery, 143 F.R.D. at 109.
Similarly, under Louisiana law, a trial court has inherent authority to require that judicial proceedings be conducted with dignity, in an orderly and expeditious manner, and to control the trial proceedings in the interests of justice. See La. C.C.P. art. 1631(A).' Furthermore, a trial court inherently possesses all powers necessary for the exercise of its jurisdiction, even though not expressly granted by law, see La. C.C.P. art. 191, and a trial court judge is constitutionally entitled to issue “all ... needful writs, orders, and process in aid of the jurisdiction of his court.” La. Const, art. V, § 2. This power and authority “[ujnquestionably ... would furnish ground for the issuance of a protective order to assure the fair administration of justice under proper circumstances.” Economy Carpets Mfrs. & Distributors, Inc. v. Better Business Bureau of Baton Rouge Area, Inc., 330 So.2d 301, [ 2n304 (La. 1976) (addressing same in context of trial court’s order prohibiting parties from using public media to draw attention to ongoing litigation).
Therefore, the trial court was authorized to issue the protective order with respect to the information contained upon the flash drive pursuant to its inherent authority to control the judicial proceedings. As set forth more fully in the preceding sections of this opinion, the petitioners acquired the flash drive outside of formal discovery and failed to disclose their possession of the flash drive or turn over the electronic data stored upon the flash drive in violation of the court-ordered discovery. Furthermore, the record establishes that some of the electronic data stored upon the flash drive constitutes confidential and protected attorney-client communications and/or attorney work product.
Finally, although the petitioners argue on appeal that certain documents found upon the flash drive were not protected and were subject to disclosure under Loui *581 siana’s public records laws, at this juncture, it is unnecessary for us to determine whether any portion of the electronic data at issue might be discoverable. The trial court’s judgment on the protective order did not adjudicate the discoverability of the electronic data found upon the flash drive itself or delimit the petitioners’ right to pursue discovery or seek public records requests concerning this information; rather, the trial court prohibited the petitioners from viewing, possessing, using, sharing, or distributing any of the electronic data stored upon the flash drive “unless ... subsequently produced by [STPG] pursuant to discovery requests or a [pjublic [rjecord request[.]” The trial court’s ruling is appropriately and narrowly tailored, under the facts presented, to ensure the fair and orderly administration of justice and to preserve the integrity of the judicial process. The petitioners’ second assignment of error does not merit relief.
|21DECREE
For the foregoing reasons, we grant the defendant-appellee’s motion to convert the appeal from a suspensive appeal to a de-volutive appeal and maintain the appeal as converted. The trial court’s judgment, signed on January 21, 2016, finding Ms. Stevens and her attorneys in contempt of court, awarding costs and attorney fees to the defendant-appellee, and ordering that the protective order be made permanent is affirmed. All costs of this appeal are assessed to the plaintiffs-appellants, Terri Lewis Stevens and Jennifer Frutchnicht, wife of/and Craig Rivera.
MOTION TO CONVERT SUSPEN-SIVE APPEAL TO DEVOLUTIVE APPEAL GRANTED; APPEAL MAINTAINED; JUDGMENT AFFIRMED.
Higginbotham, J., concurs.
Chutz, J., concurs

. The trial court ordered that the sanctions be imposed solely against Ms. Stevens and her attorneys, Louis R. Korner, Jr., and James E. Blazek. In written reasons for judgment, the trial court explained that the other petitioners, Ms. Fruchtnicht and Mr. Rivera, were not responsible for the monetary component of the sanctions award because they were not involved in the petitioners’ failure to disclose their possession of the flash drive.

. Louisiana Code of Civil Procedure art. 2123 provides as follows;
A. Except as otherwise provided by law, an appeal that suspends the effect or the execution of an appealable order or judgment may be taken, and the security therefor furnished; only within thirty days of any of the following;
(1) The expiration of the delay for.applying for a new trial or judgment notwithstanding the verdict, as provided by Article 1974 and Article 1811, if no application has been filed timely.
(2) The date of the mailing of notice of the court’s refusal to grant a timely application for a new trial or judgment notwithstanding the verdict, as provided under Article 1914.
B. Whenever one or more parties file motions for a new trial or for judgment notwithstanding the verdict, the delay periods specified herein commence for all parties at the time they commence for the party whose motion is last to be acted upon by the trial court.
C. An order of appeal is premature if granted before the court disposes of all timely filed motions for new trial or judgment notwithstanding the verdict. The order becomes effective upon the denial of such motions.
D, The time within which to take a suspen-sive appeal under the provisions of this Article is interrupted for all parties upon the filing of a notice of removal in a district court of the United States, pursuant to the provisions of 28 U.S.C. 1446, and commences anew on the date the proceeding is remanded.

. Federal Rule of Civil Procedure 26(c) is substantially similar to La. C.C.P. art. 1426(A) and provides as follows:
(1) In General A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending—or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
(A) forbidding the disclosure or discovery;
(B) specifying terms, including time and place or the allocation of expenses, for the disclosure or discoveiy;
(C) prescribing a discovery method other than the one selected by the party seeking discoveiy;
(D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;
*580 (E) designating the persons who may be present while the discovery is conducted;
(F) requiring that a deposition be sealed and opened only on court order;
(G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and
(H)requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs.